PAYNE, Appellant, *vs.* CLARK & BROS., Respondents.

1. If there is a discrepancy between the amount stated in the body of a certificate of deposit and that stated in the margin, the former will prevail, and if the certificate is declared upon as for the amount in the margin, it is no error to instruct that the plaintiff cannot recover, although the defendants in their answer acknowledged their indebtedness for the amount stated in the body.

*Appeal from St. Louis Circuit Court.*

*A. Buckner,* for appellant.
*Haight & Shepley,* for respondents.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff's petition states that he deposited in the banking house of Clark & Bros., the sum of $1414; $404 of this sum being in currency, and the balance, $1010, in cash; and

that, at the time of making the deposit, the defendants executed and delivered to him a certificate of deposit, as follows :

" Banking House of E. W. Clark & Bros.

" No. 760.        " St. Louis, Mo., 26th Feb'y, 1851.

" L. P. Payne has deposited in this office, one thousand and fourteen dollars, (in funds as below,) payable to order of himself on return of this certificate, sixty days after date, with interest at the rate of six per cent. per annum.

| " $1014. | " Currency, | - | - | - | $404 |
| | " Cash, | - | - | - | - | 1010 |

$1414

" E. W. CLARK & BROS."

The petition alleges that the defendants, by mistake, inserted $1014, where they ought to have inserted $1414 in the body of said certificate.   He states that, after the expiration of two months, he presented said certificate of deposit for payment and *it* was refused.

The defendants deny, in their answer, that plaintiff ever deposited $1414 with them, but admit the deposit of $1014. They admit that the certificate of deposit set forth in the petition was executed by them, and allege that the $1010 opposite the word "cash," was a mistake and ought to have been $610, which was the true and correct sum, and that the sum of $1014 was the true and real amount deposited ; and that they offered to pay that sum to plaintiff, and were always ready to pay that sum.

On the trial, the plaintiff read the certificate of deposit and then rested his case.

The defendants then asked the following instruction : " The jury are instructed that, upon the case as made, the plaintiff is not entitled to recover ;" which instruction was given.   The plaintiff thereupon suffered a nonsuit, which he afterwards moved to set aside, and failing in his motion, he brings the case here by appeal.

1. The plaintiff complains of the instruction given to the

jury. In the opinion of this court, the instruction was proper. The plaintiff declared on a certificate of deposit for $1414; he alleges that he deposited that amount with the defendants. To support his petition, he presents the certificate above set forth, which cannot be said to be a certificate for $1414, but is a certificate for $1014. He failed entirely to prove the allegation as to the certificate and amount declared on, and it was right for the court to say, from the case made by plaintiff himself, he could not recover.

This view of the case depends upon the certificate of deposit being only for $1014, and not for $1414. Let us see what the authorities are upon this subject.

The sum of one thousand and fourteen, (in funds as below,) dollars, is written on the face of the certificate in words. On the left hand of the certificate is the mark, $1014. Above the name of Clark & Bros. is the memorandum:

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| " Currency, | - | - | - | - | - | - $404 |
| " Cash, | - | - | - | - | - | - 1010 |

" $1414 "

The defendants contend that this is a certificate calling only for $1014. The plaintiff contends that it calls for $1414, and that the memorandum " in funds as below," with the currency, $404 and cash, $1010, controls the other words and makes it for $1414. Chitty on bills, 149, says : " there is no absolute necessity for the superscription of the sum for which the bill is payable, provided it be mentioned in the body of the bill ; but the superscription will aid an omission in the body, and it is now the usual mode to superscribe the sum payable in figures at the head of the instrument, and in words in the body of it. If there be a discrepancy between the sum in the body of the bill and the superscription, the former will prevail. " Again, at page 160, of the same treatise ; " if the sum in the superscription of the bill be different from that in the body of it, the sum mentioned in the body will be taken as the sum to be paid *prima facie.* "

Story on bills is to the same point. He says : "the sum is sometimes expressed in figures in the superscription, as well as in the body of the instrument in letters, for greater caution. But if the sum in figures, on the superscription, differs from the sum in words in the body of the instrument, the latter will be deemed the true sum ; and parol evidence is inadmissible to establish that the sum intended was not that stated iu words in the body of the instrument, but was that stated in the margin in figures." In the case of the *Norwich Bank* v. *Hyde*, 13 Conn. Rep. 282, Williams, C. J., in delivering the opinion of the court says : "The aid, then, the margin is to give, is to remove an ambiguity in the body of the instrument, or to clear up a doubt, not to supply a blank. The body of the instrument must be our guide." He referred to *Elliot's case*, in Leach C. L. 185. There the note, in the body of it, was for fifty ———, in the margin £50. The margin helped out the body ; it was able to remove the ambiguity. Yet, in this case of *Elliot's*, the judges would not decide, even with the aid of the margin, that, as a matter of law, the note was for £50, but that was properly left to the jury. There is a class of cases where memoranda are made upon notes and bills, and a question has arisen how far these memoranda become part of the instrument, such as the following on a note: "payable at Messrs. B. & Co., bankers, London." It was held that this did not make part of the contract. 10 Barn. & Cress. 2. Where the evidence declared against the maker of a promissory note, that he made the same payable at the house of Messrs. B. & Co., London, and, upon production of the note at the trial, it appeared that the address at the house of Messrs. B. & Co. was not a part of the note, but only a memorandum at the foot of the note, it was held that this was a variance. *Exon* v. *Russell*, 4 Maule & Sel. 505.

In *Saunderson et al.* v. *Piper et al.*, 5 Bing. Rep. (new cases,) 425, a bill of exchange was expressed in figures to be drawn for £245, in words for £200, value received, with a

stamp applicable to the higher amount : held, that the evidence, to show that the words "*and forty-five*" had been omitted by mistake, was not admissible. Tindall, C. J., said : "The evidence in question being inadmissible, we cannot shake the rule of commercial writers that, where a difference appears between the figures and the words of the bill, it is safer to attend to the words. If we take the authority of these writers, where we have none of our own, this is a good bill for the sum èxpressed in the body."

Bosanquet, J., said : " The argument that pressed me the most is the rule of *fortius contra proferentem;* that an instrument must be taken most strongly against the party making it. But there is no case in which that principle has been applied to an instrument, the body of which expressed a clear amount, and the ambiguity arises from a different amount expressed in the margin. Under such circumstances, the rule of law, as to evidence, must prevail.

Erskine, J., said : " I am of opinion, that the words in the body must be taken as containing the amount of the bill to be paid ; for, according to the authorities, figures are not of the same authority as words in the body of a bill, except in cases where the margin does not contradict, but is only an index to the body, as in the case of *Rex* v. *Elliot,* above cited.

Marius lays it down : " If it so fall out that, through unadvisedness or error of the pen, the figures of the sum and the words at length of the sum that is to be paid upon any bill of exchange, do not agree together, either that the figures do mention more and the words less, or that the figures do specify less and the words at length more, in either or in any such like case, you ought to observe and follow the order of the words mentioned at length and not in figures, *until further order be had concerning the same,* because a man is more apt to commit an error with his pen, in writing a figure, than he is in writing a word ; and also, because the figures at the top of the bill do only, as it were, serve as the contents of the bill, and

Blaisdell *v.* Steamboat Wm. Pope.

a breviat thereof, but the words at length are in the body of the bill of exchange, and are the chief and principal substance thereof, whereunto special regard ought to be had."

Applying the rules of decisions in cases of bills of exchange to this certificate of deposit, and it is only obligatory for $1014. It promises to pay this sum, and this must control the specification of funds at the bottom. The sum in the margin is for $1014. The sum in words, in the body of the certificate, is the same, and it will be contrary to the rules and authorities of courts of high character, in England and in the United States, to let the memorandum, specifying the funds in which the deposit was made, and the amount thereof in figures, control the body of the instrument and the margin of the instrument too. The judgment of the court below is affirmed, with the concurrence of the other judges.