# Bell *v.* Birmingham.

*Assumpsit.*

(Decided June 21, 1913.    62 South. 971.)

1. *Bills and Notes; Designation of Amount; Variance.*—Where the figures in the margin of the note do not correspond with the amount written in the body thereof, the body thereof will control.

2. *Evidence; Parol to Vary Writing.*—Where there is a variance between the figures in the margin of the note, and the amount written in the body of the note, parol evidence is not admissible to show that the note should be taken as one for the amount appearing in the margin.

APPEAL from Cleburne Circuit Court.

Heard before Hon. HUGH D. MERRILL.

[Bell v. Birmingham.]

Assumpsit by J. K. Birmingham against N. E. Bell. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BLACKWELL & AGEE, J. B. STEPHENS, and J. R. BARKER, for appellant. The marginal figures were no part of the note, and the writing in the body controls.—*Prim, et al. v. Hamill,* 134 Ala. 652; 58 Am. Dec. 333; 53 Am. Dec. 652; 8 Am. St. Rep. 164; 4 A. & E. Enc. of Law, 130. This being true, parol evidence is not admissible for the purpose of showing that the figures in the margin was the proper amount for which the note was given.

TATE & WALKER, for appellee. No brief reached the Reporter.

THOMAS, J.—The complaint declared on a promissory note for $440, and the instrument introduced in evidence to sustain the averment was a promissory note; but, while it had the figures and dollar mark, "$440.00," written on the upper left-hand margin of the instrument, at the place usual in common practice, yet it had, in the body of the instrument, as the amounts promised to be paid, "four and forty one/100 dollars." The defendant (appellant), who had filed, among other pleas, a plea of the general issue, objected to the introduction in evidence by plaintiff of this instrument, on the ground of a variance, contending that while the note or bond single sued on was described in the complaint as one for $440, the one introduced in evidence was only for $4.41. We are of opinion that the objection should have been sustained, for the reason that, as said by our Supreme Court, "it is a well-settled proposition of law that in a bill or note, where [as here] the figures in the margin do not correspond with the amount written in

the body, the latter will always control. It has been held that the marginal figures are no part of the bill or note."—*Prim & Kimbell v. Hammel,* 134 Ala. 655, 32 South. 1007, 92 Am. St. Rep. 52. See, also, *Payne v. Clarke Bros.,* 19 Mo. 152, 59 Am. Dec. 333; *State v. Atchison & Neb. R. R. Co.,* 24 Neb. 143, 38 N. W. 43, 8 Am. St. Rep. 164; *Smith v. Smith,* 1 R. I. 398, 53 Am. Dec. 652; 1 Randolph on Com. Paper, § 105; 4 Am. & Eng. Ency. Law, p. 130.

This being true, the terms of the instrument here sued on are clear and unambiguous. It is a note for $4.41. Parol evidence is not, therefore, admissible either for the purpose of varying its terms or of aiding in its interpretation.—*Smith v. Smith,* 1 R. I. 398, 53 Am. Dec. 652, and authorities supra. Hence the contention of appellee that, by reason of such evidence introduced by him (permitted by the court over the objection of appellant), the note should be construed as one for $440, is clearly without merit.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.