# Louisville Banking Co. *v.* Howard & Kornegay.

*Action upon a Promissory Note.*

1. *Negotiable note; bona fide holder.*—A negotiable note trans-
    ferred to secure a pre-existing debt, in consideration of an
    extension of the time for the payment of the debt, makes the
    transferee a *bona fide* holder for value, and the note in his
    hands is not subject to equities between the original parties
    of which he had no notice.

2. *Same; same; sufficiency of plea.*—In an action upon a negotia-
    ble promissory note, a plea that said note was recieved by
    plaintiff from the payee named therein as collateral for the
    payment of a pre-existing debt, and that the defendant who
    was the maker had paid the note to the payee without notice
    of the transfer, is insufficinet as a defense and subject to de-
    murrer, if it does not negative the presumption that the plain-
    tiff acquired the note for a valuable consideration.

3. *Commercial law; negotiability of note.*—The negotiability of a
    promissory note made payable to a bank, and which is in all
    other respects within the influence of the commercial law,
    is not destroyed by a stipulation therein which "authorizes
    said bank to appropriate on this note, whether due or not,
    at any time, at its option, without notice or legal proceedings,
    any money which they, or any one or more of them have
    jointly or severally in said bank on deposit or otherwise."

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. JOHN MOORE.

This action was brought by the Louisville Banking
Company against Howard & Kornegay; and counted on
a promissory note executed by the defendants on Sep-
tember 4, 1896, and made payable to the Commercial
Bank of Selma, on October 4, 1896, at the Commercial
Bank of Selma, and which note the complainant avers
was indorsed by the Commercial Bank of Selma and was
the property of the plaintiff.

The defendant pleaded the general issue and payment

and several special pleas, among which were the following: "9th. The defendants for further answer say that, the note sued on in this case was received by the plaintiff from the Commercial Bank of Selma, as collateral security for the payment of a pre-existing or antecedent debt, due said plaintiff by said Commercial Bank of Selma; and defendants aver that they paid said note to said Commercial Bank, when the same became due, without notice that it was held or owned as such by plaintiff, and without notice that said note was not held or owned by said Commercial Bank of Selma and before the commencement of this suit.

"10th. For further answer to the complaint the defendants say that the note described in the complaint is in words and figures following: 'Selma, Alabama, September the 4th, 1896. $190.00. On the 4th day of October, 1896, we promise to pay to the order of the Commercial Bank the sum of $190.00, at the Commercial Bank of Selma, Selma, Alabama. The makers and endorsers of this note waive the right to claim exemption under the constitution and laws of this or any other State, and authorize said board to appropriate on said note, whether due or not at any time, at its option, without notice, or legal proceedings, any money which they or any one or more of them have jointly or severally in said Bank, on deposit, or otherwise; and further agree to pay all costs of collection, including a reasonable attorney's fee upon failure to pay said note at maturity. Demand, protest and notice of dishonor and all other requirements to hold them are hereby waived by the endorsers of this note. [Signed.] Howard & Kornegay.'

"And defendants aver that before the commencement of this suit they paid said note to said Commercial Bank of Selma, without notice that the plaintiff held or owned said note and without notice that the said Commercial Bank did not hold or own the same, and they aver they so paid the note at the time of maturity."

To the 9th special plea, the plaintiff demurred upon the following grounds: 1st. That it appears from said plea that said Commercial Bank of Selma did not hold or own said note at the time of said payment. 2d. That said plea does not allege any want of consideration for

said note, nor any want of good faith in its acquisition, nor any infirmity in the note itself. 3d. That it does not appear from said plea that the plaintiff is bound by said payment to said Commercial Bank of Selma.

To the 10th special plea, the plaintiff demurred upon the following grounds: 1st. It appears from said plea that said note is commercial paper and governed by the commercial law. 2d. It does not appear from said plea that the plaintiff is bound by payment to the Commercial Bank of Selma. 3d. That it appears from said plea that the Commercial Bank of Selma did not hold or own the note sued on at the time of the alleged payment. The demurrers to the 9th and 10th pleas were each overruled, and to the overruling of each of these demurrers the plaintiff separately excepted.

On the trial of the case the plaintiff introduced in evidence the note sued on, and the evidence for the defendants showed that they paid the amount of said note to the Commercial Bank of Selma at the time of its maturity, and did not know at the time of making the payment that the note was in the hands of the plaintiff.

The court refused to give the general affirmative charge requested by the plaintiff, and to this ruling the plaintiff duly excepted.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the overruling by the court of the plaintiff's demurrers to the 9th and 10th pleas, and the refusal to give the general affirmative charge requested by the plaintiff.

SATTERFIELD & YOUNG, for appellant.—It is a settled doctrine in this State that one who, without more, takes a negotiable paper, as collateral security for a pre-existing debt, is not a purchaser for value in the course of trade, but it is equally as well settled that one who takes a negotiable paper, as collateral security for a pre-existing debt, and grants a definite extension of the debt, *is* a purchaser for value in the course of trade.—*Fenouille v. Hamilton,* 35 Ala. 319.

The note has all the requisites of a negotiable instrument. Its negotiability is not destroyed by the pro-

vision which authorizes the "Bank to appropriate on this note, whether due or not, at any time, at its option, without notice or legal proceedings, any money which they (the makers and indorsers) or any one or more of them have jointly or severally in said bank on deposit or otherwise."—Daniel on Negotiable Instruments, § § 41, 43, 44, 45, 47, 48; 4 Amer. & Eng. Encyc. of Law, (2d ed.), 90; *Sagory v. Bank,* 42 La. Ann. 627; *Seymour v. Farquhar,* 93 Ala. 292.

G. A. ROBBINS and H. S. D. MALLORY, *contra.*

TYSON, J.—The cases of *First National Bank of Decatur v. Johnston,* 97 Ala. 655; *Spira v. Hornthall,* 77 Ala. 145; *Connerly v. Planters & Merchants Ins. Co.,* 66 Ala. 432, are, conclusive that negotiable paper transferred to secure a pre-existing debt, in consideration of the extension of the time of the payment of the debt, makes the transferee a *bona fide* holder for value, and not subject to equities between the prior parties of which he had no notice.

The ninth plea should have negatived the presumption of the acquisition by the plaintiff of the note for a valuable consideration, it being shown by its averments, that the plaintiff acquired it before maturity in the ordinary course of business.—3 Brick. Dig. 91, § 130.

The insufficiency of the 10th plea is shown in the opinion in the case of *Louisville Banking Co. v. Gray, ante,* p. 251.

Reversed and remanded.