# Prim & Kimbell *v.* Hammel.

### Action on Promissory Note.

1. *Promissory notes; alteration of, in the interest of maker.*—The
   avoidance of a note or other contract by a material altera-
   tion thereof after its execution, by an interested party,
   without the knowledge and consent of the maker, does not
   depend on the question of detriment to the maker.

2. *Same; want of correspondence between figures on margin and*

[Prim & Kimbell v. Hammel.]

*words in body of instrument.*—Where the figures in the margin of a bill or note do not correspond with the amount written in the body, the latter will always control; the marginal figures being no part of the instrument.

3.  *Same; material alteration, what is.*—Where the amount is expressed in the body of a promissory note, an alteration in the figures on the margin is not a material alteration.

4.  *Same; signature of note containing blank amount.*—The signature by the maker and delivery to the payee of a note containing a blank for the amount, is authority to the payee to fill in the blank.

5.  *Same; negotiable instruments; filling in blanks.*—Where authority to fill blanks, left in a negotiable instrument, has been exceeded, the instrument is enforceable, nevertheless, in the hands of a transferee for value, who has acquired the same regularly, for value, before maturity, and without notice that such authority has been exceeded.

6.  *Same; defenses; payment.*—To an action by the transferee of a negotiable instrument, for value, before maturity, and without notice, it is no defense to the maker that he has paid the original payee.

7.  *Same; evidence; materiality.*—Where a negotiable instrument is endorsed and delivered to one individually, who brings suit thereon against the maker, evidence as to the extent of the indebtedness of the payees to a partnership of which plaintiff was a member is not material or admissible.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JOHN C. ANDERSON.

Action by L. Hammell, as transferee and assignee of a certain note executed by Prim & Kimbell to B. F. Fitzpatrick & Co., and endorsed and delivered by them to plaintiff for value before maturity. The opinion shows all material facts. From a judgment in favor of plaintiff the defendants appeal.

W. D. DUNN and MCINTOSH & RICH, for appellants, cited *Winter & Loeb v. Poole,* 100 Ala. 503; *Montgomery v. Crosthwait,* 90 Ala. 533; *Anderson v. Bellinger & Ralls,* 87 Ala. 334; *Brown v. Johnson,* 127 Ala. 292; 1 Daniell on Neg. Inst. (3d ed.), p. 96, § 86; *First Nat. Bank v. Johnson,* 97 Ala. 661; *Farley v. Bay Shell Road Co.,* 125 Ala. 193.

[Prim & Kimbell v. Hammel.]

FITTS, STOUTZ & ARMBRECHT, *contra,* cited 4 Am. & Eng. Ency. Law (2d ed.), 130; *Smith v. Smith,* 53 Am. Dec. 652; *First Nat. Bank v. Johnson,* 97 Ala. 664; *Robertson v. Smith,* 18 Ala. 225; *Huntington v. Bank,* 3 Ala. 186; *Winter v. Poole,* 104 Ala. 583; 2 Am. & Eng. Ency. Law (2d ed.), 258; *Dickson v. McLarney,* 97 Ala. 393; *Collins v. Greene,* 67 Ala. 215; 2 Greenleaf on Ev. (16th ed.), § 168; *Mayberry v. Morris,* 62 Ala. 113; *Louisville Banking Co. v. Howard,* 123 Ala. 380; *Louisville Banking Co. v. Grey,* 123 Ala. 251; *Spira v. Hornthall,* 77 Ala. 145; *Connerly v. P. & M. Ins. Co.,* 66 Ala. 432.

DOWDELL, J.—The instrument sued on was drawn up by the payee, Fitzpatrick & Co., leaving a blank to be filled in by the makers with the amount, but with marginal figures of "$1,500," and in this form was sent to the defendants, Prim & Kimbell, for execution, and it was by them signed and returned to Fitzpatrick & Co., without writing any amount in the body, but leaving the blank to be filled in by the payee. Fitzpatrick & Co. filled in the blank by writing "one thousand dollars," and changed the marginal figures from $1,500 to $1,000 to correspond with the writing in the body of the paper. Fitzpatrick & Co. then indorsed the instrument in blank, and before maturity delivered the same to the plaintiff as collateral security on a debt then owing by them to him, and in consideration of an extension by the plaintiff of their said indebtedness. It is not pretended that the plaintiff had any knowledge, at or prior to the time of the transfer of the paper to him, of the alteration of the marginal figures by Fitzpatrick & Co.

The instrument by the statute is made negotiable paper.—Code, § 869; *Louisville Banking Co. v. Gray,* 123 Ala. 251, and authorities there cited. Did the changing of the marginal figures from "$1,500" to "$1,000" constitute such an alteration as to avoid the contract? It is evident that the change which was made, was in the interest of the makers, and consequently of no detriment to them. But avoiding a contract by a material alteration after its execution by an interested party without the knowledge and consent of the maker, does not depend on the

[Prim & Kimbell v. Hammel.]

question of detriment to the maker.  See *Brown v. John-son Bros.*, 127 Ala. 292, where the subject is discussed, and authorities cited.

It is a well settled proposition of law that in a bill or note, where the figures in the margin do not correspond with the amount written in the body, the latter will always control.  It has been held that the marginal figures are no part of the bill or note.—*Smith v. Smith,* 53 Am. Dec. 652, and notes to that case.  In 1 Daniel on Negotiable Instruments, (3d ed.), page 96, section 86, it is said: "Marginal figures are really not a part of the instrument, but a mere memorandum of the amount." See also 4 Am. & Eng. Ency. Law (2d ed.), p. 130.  But without determining how far the marginal figures are a material part of the instrument where no amount is expressed in the body, we are satisfied on authority and reason, that where the amount is written in the body of the instrument, the marginal figures do not constitute such a material part as that an alteration of the same would amount to a material alteration of the contract. Since the writing in the body controls, the marginal figures are wholly unimportant.  If Prim & Kimbell had filled in the blank by writing "one thousand dollars," it is quite clear that the subsequent change of the marginal figures of $1,500 to $1,000, to correspond with the writing in the body, would have made no material alteration in the contract.  Signing the note in blank as was done, and returning it to the payee in that condition, was authority to the payee to fill in the blank.—*First National Bank v. Johnston,* 97 Ala. 664; *Robertson v. Smith,* 18 Ala. 225; *Huntington v. Bank,* 3 Ala. 186. Where authority to fill blanks left in a negotiable instrument has been exceeded, the instrument, notwithstanding, will be enforceable in the hands of a transferee for value who comes regularly by it without notice that the authority had been exceeded.—*Winter v. Pool,* 104 Ala. 583; *Huntington v. Bank, supra;* 2 Am. & Eng. Ency. Law (1st ed.), p .340 and note 4.  Whatever may have been the effect as between the payee and maker as to the marginal figures indicating what amount the maker intended for the payee to fill in the blank left

in the instrument, we need not decide; but in such case, for the same reason that a negotiable instrument in the hands of an innocent transferee for value in due course of business is enforceable, where the authority given to fill blanks has been exceeded, the understanding or intention of the maker and payee, or either of them, could not affect the right of an innocent transferee for value. A negotiable note transferred to secure a pre-existing debt, makes the transferee a *bona fide* holder for value, and the note in his hands is not subject to equities between original parties of which he had no notice,—*Louisville Banking Co. v. Howard & Kornegay*, 123 Ala. 380; *Louisville Banking Co. v. Gray*, 123 Ala. 251; *First National Bank v. Johnston*, 97 Ala. 655; *Spira v. Hornthall*, 77 Ala. 145; *Connerly v. P. & M. Ins. Co.*, 66 Ala. 432. To the plea of payment there was a special replication, which averred that plaintiff acquired the note or instrument sued on by indorsement before maturity for value, and that said note was never paid to plaintiff or any one for him by him authorized, and issuance was joined on this replication. Having made the note negotiable and put it in circulation, the holder became the only payee with whom the maker could settle, and it is no defense to the suit to show that the maker paid the original payee. The instrument was indorsed in blank and delivered to L. Hammel. The suit was brought in the name of Hammel individually, and there was no error in sustaining plaintiff's objection to the question whether Fitzpatrick & Co. were indebted to L. Hammel & Co.

The seventh and eighth assignments of error are expressly waived in argument by counsel.

What we have said disposes of the questions presented in the remaining assignments of error.

We find nothing in the rulings of the circuit court complained of prejudicial to the rights of the appellants.

Let the judgment be affirmed.