[Snead v. Barclift.]


# Snead *v.* Barclift.

*Assumpsit.*

(Decided June 30, 1911, Rehearing denied Nov. 23, 1911.
56 South. 592.)

1. *Bills and Notes; Payment before Maturity; Subsequent Transfer; Bona Fide Purchaser for .Value.*—Where a maker of a note negotiable pays it before maturity, and fails to take up the note, and the note thereafter before maturity passes to an innocent purchaser for value, the maker cannot rely on the payment to defeat recovery at the hands of the purchaser.

2. *Same; Defense.*—An endorsee of a negotiable note before maturity may transfer the note to an innocent purchaser for value before maturity, who may enforce the note, notwithstanding the note has been paid, provided such purchaser has no notice of said previous payment.

3. *Appeal and Error; Questions Reviewable; Immaterial Matter.*— Where the recovery would not be affected by the exclusion of all the testimony of a witness, the competency of such witnesses becomes immaterial ,and will not be considered on appeal.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Thos. M. Barclift against John H. Snead on a negotiable instrument. Judgment for plaintiff and defendant appeals. Affirmed.

STREET, ISBELL & BRADFORD, for appellant. The fact that the note was not delivered at the time of payment is not sufficient to charge the maker with notice of a transfer.—*Bank v. Sproull,* 105 Ala. 281; *Vann v. Marbury,* 100 Ala. 438; *Hart v. Freeman,* 42 Ala. 567. The charges refused should have been given.—*Gillman v. N. O. R. R. Co.,* 72 Ala. 585. The rule is not more favorable to the holder of negotiable paper than it is to the maker of non-negotiable paper.—Section 5161, Code 1907; 4 Cyc. 34, 35. The instrument was non-negotiable.—Authority supra.

JOHN A. LUSK, for appellee. No brief came to the Reporter.

DE GRAFFENRIED, J.—The appellee, plaintiff in the court below, sued the appellant, defendant in the court below, for the sum of $100 due by a promissory note made by the appellant to Mrs. A. J. Denson on January 7, 1908, and due and payable on December 1, 1908. The appellant filed to the complaint pleas of payment and set-off, and also a plea denying appellee's ownership of the note.

The evidence, without conflict, showed:

That the appellant, for a valuable consideration, executed to Mrs. A. J. Denson on the date above mentioned the note sued on. That she delivered it to her son, G. D. Jackson, who had it, without indorsement to him, on March 20, 1908, and that on said day the said Mrs. Denson executed the following instrument:

"State of Alabama, Marshall County. Know all men by these presents: This is to certify that J. H. Snead owes me a note for one hundred dollars, the note being in possession of G. D. Jackson, and due on or about Dec. 15th, 1908, and that I do hereby authorize the said J. H. Snead to pay the said note held of mine by G. D. Jackson to Mrs. T. B. Hays, and not to the said G. D. Jackson, and when the said amount is paid to Mrs. T. B. Hays to hold and keep this paper which shall serve him (J. H. Snead) as a receipt against the said note if ever presented for collection. This March 20, 1908.

her

"A J. X Denson. (Seal.)

mark

"H. O. Sparks, J. P.
"Dr. W. T. Gillispie."

That Mrs. Hays never received possession of the note, but that she collected from the maker, by virtue of the above instrument, the amount due on the note before its maturity, and gave the maker a receipt in full against the note. That on September 2, 1908, Mrs. Denson transferred and assigned the note by proper indorsement to said G. D. Jackson and that Jackson, before the maturity of the note, for a valuable consideration, indorsed the note to the appellee. There was no evidence tending to show that appellee had any notice of the payment made by appellant to Mrs. Hays, or that she claimed the note or any interest in it until long after the note had been indorsed to him as above stated.

It is a general rule that, when the maker pays a negotiable promissory note before its maturity and fails to take it up, he does so at his peril. If, when such payment is made, the note is in the hands of an innocent holder thereof for value, or if, after such payment, the note is indorsed before maturity to an innocent purchaser for value, without notice of such payment, such payment is, as to such owner, no payment, and such innocent holder for a valuable consideration is entitled to enforce its payment.—*Capital City Ins. Co. v. Quinn,* 73 Ala. 558.

It is not necessary for us to consider the question as to whether or not the witness Jackson was competent to testify to the facts to which he did testify as a witness in this case. The fact that the note was transferred and assigned by Mrs. A. J. Denson to the said Jackson was proven by A. H. Walden, one of the witnesses to the transfer, and as the evidence also showed that Jackson was in possession of the note at the time it was transferred by him to appellee, and as the transfer which was made by Jackson to appellee was, confessedly, made to appellee for a valuable consideration, and

as he delivered to appellee the note at the time of its indorsement to appellee, all of the testimony of Jackson can be expunged from the record without affecting the appellee's right of recovery upon the undisputed legal evidence in the case.

Whether or not Jackson's title was subject to infirmities is altogether immaterial. The indorsement by Mrs. Denson of the note and the delivery of its possession to him before its maturity placed him in a position to transfer and assign the note to appellee, and as appellee bought the note from Jackson for value before its maturity without notice that Jackson's title was not perfect, the appellee acquired a perfect title to the note as an innocent purchaser for value thereof and the previous payment of the note by appellant to Mrs. Hays cannot, as above stated, avail him as a defense to this suit. —*Teat v. Chapman & Co.*, 1 C. of App. 491, 56 South. 267.

We do not consider it necessary to discuss any of the other questions presented by the record. The judgment of the court below is affirmed.

Affirmed.