# Stewart *v.* Bibb County Banking & Trust Company.

## *Assumpsit.*

(Decided April 9, 1912. 58 South. 273.)

1. *Bills and Notes; Actions; Transferee; Defenses.*—In an action on notes negotiable in terms, a plea that they were transferred by payee to plaintiff bank as collateral security, and that the collateral debt bore usurious interest, or was usuriously discounted, and that before the suit defendant paid the notes to the payee without knowing that they had been transferred was good as a defense.

2. *Same; Defenses; Laches.*—Mere laches in demanding payment of a note, short of the period of limitation, is not a defense.

(Dowdell, C. J., and Somerville, J., dissent.)

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Action by the Bibb County Banking & Trust Company against C. J. Stewart. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

It appears that the notes were made payable to the order of N. H. Thompson, and negotiable and payable at the office of the plaintiff. It is alleged that they were transferred and indorsed to plaintiff on the 15th day of January, 1904, and have been ever since and are now the property of the plaintiff. The following are the pleas: (2) "That the note sued on in said complaint, and the notes sued on in each count thereof, were transferred by the payee thereof, N. H. Thompson, to the plaintiff, as collateral security to the indebtedness of said N. H. Thompson to the plaintiff, secured by the transfer of said notes, bore a usurious rate of interest, or was made at a usurious discount; that prior to the bringing of any suit on the said note the defendant paid each of said notes in full to N. H. Thompson, without

knowledge of the fact that said notes, or either of them, was held by the plaintiff, but believing that each of them was held by the payee, said N. H. Thompson, who is now dead, and that said bank is not a bona fide holder of said notes." The eighth plea is that the notes were transferred by Thompson as collateral security to secure an indebtedness due by Thompson to said bank, and that said Thompson demanded of plaintiff a receipt for said note so transferred as collateral security, and that said plaintiff willfully failed and refused to give said Thompson, who is now dead, such receipt. Wherefore defendant avers that no title to said note passed to plaintiff, and it cannot now recover.

W. F. HOGUE, and R. B. EVINS, for appellant. One is not a bona fide holder of a note who takes it as collateral security to a debt which bears usurious interest.—*Hart v. Adler*, 109 Ala. 467. Notes taken as collateral to secure two existing debts are not held bona fide.—*Connolly v. Insurance Co.*, 66 Ala. 432; *Moore v. Ensley*, 112 Ala. 228; *Thompson v. Maddox*, 117 Ala. 468. Therefore, the commercial paper was not protected in such hands.—*Vann v. Mayberry*, 100 Ala. 438; *Hart v. Freeman*, 42 Ala. 568. The notes were a mere pledge and the legal title was not in plaintiff in this case.—*Sims v. Canfield*, 2 Ala. 560; *Williamson v. Culpepper*, 16 Ala. 211. The holding of commercial paper for an undue length of time casts a cloud on the bona fides of the transaction.—25 N. Y. 293.

S. D. LOGAN & SON, for appellee. The court properly sustained demurrers to the pleas.—*Primm & Kimbell v. Hammel*, 134 Ala. 652; *Louisville B. Co. v. Howard*, 123 Ala. 380; *Same v. Gray*, 123 Ala. 251; *First Nat. Bank v. Johnson*, 97 Ala. 655. Nothing short of the limitation will bar a right of recovery on a note.

DOWDELL, C. J.—It is not questioned that the notes sued on are negotiable promissory notes. It is alleged that the notes were acquired by the plaintiff, appellee here, before maturity and for value. The defendant filed 11 pleas; the first being the general issue, and the rest special pleas setting up special defenses. The plaintiff interposed demurrers to all of the special pleas except the eighth and tenth, which demurrers were sustained by the court. The case was tried on the first, eighth, and tenth pleas, on which issue was joined, and a verdict and judgment rendered in favor of the plaintiff. The notes were transferred to the plaintiff by indorsement, and by a mortgage executed to the plaintiff by the payee.

The main defense sought to be set up in some of the special pleas to which demurrers were sustained, and mainly insisted on in argument here by the appellant, consists in the allegations that the notes sued on were transferred to the plaintiff as collateral security for a pre-existing debt owing by the payee to the plaintiff, and that the plaintiff, for that reason, was not a bona fide holder for value of the notes before maturity, and that the defendant, without notice of the transfer, and after maturity, and before the suit was commenced, paid off the notes to the payee. The law is well settled in this state by our own decisions that the transfer of commercial paper as collateral security for a pre-existing debt, without any other consideration, does not constitute the transferee a bona fide holder for value, and hence does not protect such holder against defenses existing at the time in favor of the maker against the payee. But if there be any additional consideration, such as forbearance or extension of the time of payment of the pre-existing debt for which the note was transferred as collateral security, the rule is different, and in such case

the transferee becomes entitled to the same protection and to the same extent, under the commercial law, as any other bona fide holder for value. Nothing more was intended to be decided in the case of *Prim & Kimbell v. Hammel,* 134 Ala. 652, 32 South. 1006, 92 Am St. Rep. 52, as indicated by the opinion in that case by the statement of the fact that an extension of time of payment of the pre-existing debt was given as a consideration for the transfer of the note as collateral security.

Waiving consideration of any other objection on demurrer to the pleas, and considering only the question of the materiality of the defense sought to be invoked, if there was error, it was harmless error, since it affirmatively appears that on the trial it was shown without dispute, and by the mortgage which the defendant himself put in evidence, that there was an extension of time of payment of the pre-existing debt for which the notes were transferred as collateral security. So it appears on the undisputed facts that the plaintiff was a transferee for a valuable consideration before maturity, and the case falls within the influence of *Prim & Kimbell v. Hammel, supra,* and cases there cited. The plaintiff was under no duty to notify the defendant of the transfer of the notes. The notes were made payable at the Bibb County Banking & Trust Company at a specified time, and the duty rested on the defendant to make the payment at such time and place, and if he had discharged this duty it is evident that he would have been informed of the transfer.—*Connerly & Co. v. Planters' & Merchants Insurance Co.,* 66 Ala. 432.

The plea attempting to set up an estoppel on account of the long delay of the plaintiff in demanding payment is without merit. "The passiveness of the holder— laches in making presentment of them, or in demanding payment—would not lessen the duty of the maker, nor

[Stewart v. Bibb County Banking & Trust Company.]

relieve him from liability, unless continued until the statute of limitations would bar a recovery."—*Connerly & Co. v. Planters & Merchants' Insurance Co., supra.*

The defense of payment attempted to be set up was not an existing one between the original parties to the notes prior to or at the time of the transfer of the notes to the plaintiff, but was one of the defendant's own creation, and through his own neglect in failing to make payment at the time and place designated in the notes, and in the performance of this primary duty that rested upon him he would have saved himself from that of which he now complains. Under this state of facts we are unable to see how the fact of usury in the debt of the payee for which the notes sued on were given as collateral security could be of any avail to the maker of these notes. As to already existing equities and defenses between the original parties, usury in the debt for which the notes sued on were transferred as collateral to secure might well take from the transferee the protection afforded a bona fide holder for value, and let in such defenses; but such is not the case here.

The eighth plea, on which issue was joined, put upon the defendant the burden of proving the averments of the plea. The failure to offer any evidence under this plea left the defense sought to be set up unestablished.

Justices SIMPSON, ANDERSON, McCLELLAN, MAYFIELD, and SAYRE, constituting a majority of the court, differ with the writer as to plea 2, and hold said plea good, under the authority of *Hart v. Adler,* 109 Ala. 467, 19 South. 894, and, consequently, that the trial court erred in sustaining the demurrer to said plea.

Justice SOMERVILLE concurs in the views of the writer.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.