[Sherrill v. Merchants & Mechanics T. & S. Bank.]

# Sherrill *v.* Merchants & Mechanics T. & S. Bank.

### Assumpsit.

(Decided December 16, 1915.   Rehearing denied February 3, 1916.
70 South. 723.)

1. **Trial; Notice to Produce Documents; Effect.**—Where defendant presented to the court a notice, which had been served on plaintiff, to produce books and papers, and then moved the court to require plaintiff to produce the documents, the only effect of the notice is to entitle the defendant to offer secondary evidence of the contents of said book and papers when they are not produced; the defendant not having followed the provisions of § 4058-9, Code 1907.

2. **Bills and Notes; Negotiable Instrument.**—A note for a certain sum, payable to the order of a third person 90 days after date is a negotiable instrument within the provisions of § 4958, Code 1907.

3. **Same; Endorsement; Effect.**—Under § 4985, Code 1907, the averment that a note was endorsed to the plaintiff imports a delivery of the instrument.

4. **Same; Action; Presumption.**—A complaint averring that a negotiable note was, before maturity, endorsed by the payee, and sold to plaintiff for a valuable consideration, imports that plaintiff was a holder in due course, within the purview of §§ 5007 and 5014, Code 1907.

5. **Evidence; Action; Burden of Proof.**—Plaintiff has the burden always of proving the averments of his complaint.

6. **Bills and Notes; Holder in Due Course; Notice.**—Where plaintiff received a negotiable instrument before maturity, paying value therefor, the maker must plead and prove notice to plaintiff of an infirmity in the note, or in the payee's right to negotiate the note, in order to defeat recovery thereon.

7. **Same; Payment; Satisfaction.**—The payment to the payee will not discharge the note when made after a transfer of the note.

8. **Same; Bona Fide Purchaser; Discount.**—Where a bank merely discounts a note for a holder not its debtor, placing the amount to the credit of the holder by way of a deposit, the bank does not become a bona fide purchaser; but if the bank pays out the amount of the deposit on the order of the depositor before notice of any infirmity in the note the bank thereby becomes a bona fide purchaser.

9. **Charge of Court; Directing Verdict.**—It is error to instruct the jury to find for defendant if the jury disbelieve the evidence.

10. **Same.**—Where the court properly gave the jury the general affirmative charge with hypothesis for plaintiff, and improperly instructed at defendant's request that the jury should find for defendant if the jury did not believe the evidence, and the jury returned a verdict for defendant, the court withdrew the latter charge, stating to the jury that the affirmative charge for plaintiff was still before them and in response to the directions the jury retired to the jury room and in accordance with the charge found for plaintiff, the action of the court was improper in directing a verdict for plaintiff after refusing to accept a verdict for defendant.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by the Merchants & Mechanics' Savings Bank against S. L. Sherrill. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under act creating said court.

TIDWELL & SAMPLE, for appellant. E. W. GODBEY, for appellee.

McCLELLAN, J.—This suit is brought by the appellee against the appellant upon a negotiable promissory note executed by the appellant to the Varley-Bauman Clothing Company, a corporation, and indorsed by the payee to the appellee. This note was taken in renewal of a previous note for the same amount. The appellant's theories of defense were that the note sued on had been paid by him to the appellee after maturity and before notice of the assignment, and that the note was executed with the understanding with the payee that it should be settled by the surrender of certain stock in the corporation, and that on surrender of this stock the note would be canceled by the payee, the appellant asserting that he surrendered the stock to the payee after maturity of the note and before any notice was given to him of appellee's claim or title to the note.

(1) When the case was called for trial the defendant (appellant) presented to the court a notice to produce certain books, papers, records, and memoranda said to have been served upon the president of the plaintiff bank, and thereupon moved the court, after an extended statement of pertinent facts indicating the materiality of the books, papers, records, and memoranda demanded to be produced, to require the plaintiff to produce this documentary matter, and, if plaintiff failed to produce said books and papers, to grant defendant a continuance, and to make an order requiring the production of said books and papers. The court correctly ruled that the only effect the notice could have under the circumstances shown in this record was to allow the defendant to offer secondary evidence of the contents of the books and papers referred to in this notice which the plaintiff had not produced. It was not made to appear that the subjects

of the notice to produce were in the court or in the possession of any one before the court.—*Golden v. Conner*, 89 Ala. 598, 8 South. 148; *McDuffee v. Collins*, 117 Ala. 487, 23 South. 45. No benefit of section 4058-9 was due the defendant on the showing made, since the plan of the statute was not followed.—*Rarden v. Cunningham*, 136 Ala. 263, 266, 34 South. 26.

The undisputed evidence in the case is to the effect that the plaintiff bank discounted the note in due course of business, and credited the amount thereof to the checking account of the payee. While there is a statement in the testimony of the witness Sparkman that it was customary to charge back unpaid notes to cus-tomers whose balances with the bank would justify it, the positive testimony of the witness Porter that this note was not charged back to the account of the transferror established the fact that the note was not recharged to the transferor's account. It was also shown without dispute that the proceeds of the note as discounted were checked out by the transferor. It was further shown without dispute that the note was not taken as collateral security for an indebtedness of the transferor. It is further shown without dispute that the note was discounted, and the proceeds credited to the account of the transferor before any claim of an infirmity came to the attention of the plaintiff. There was no evidence of any infirmity in the plaintiff's title or of any defense against the note existing at any time before its maturity. There was no evidence that the transaction of which the assignment of the note was a part was affected with usury.

(2-5) The complaint describes the subject of the action to be a promissory note for $250, "made by him [defendant] on, to wit, August 22, 1910, payable to the order of the Varley & Bauman Clothing Company 90 days after date," and avers that said note "was, before maturity, indorsed by the payee, and sold to the plaintiff for a valuable consideration." The obligation thus described was a negotiable instrument.—Code 1907, § 4958. The word "indorsed," as here employed in this complaint, imports a delivery of the instrument.—*Clark v. Sigourney*, 17 Conn. 511, 522; *Louisville Mining Co. v. Int. Trust. Co.*, 18 Colo. App. 345, 71 Pac. 898; *Young v. Harris*, 14 B. Mon. (Ky.) 556, 61 Am. Dec. 170, 171; 7 Cyc. p. 814; Code 1907, § 4985 et seq. The complaint accordingly shows by its averments that the plaintiff came

into possession of the negotiable instrument; whereupon the law assumes prima facie that such a one is a holder in due course, meaning that he took the note in good faith, for value, and without notice of any infirmity in the instrument or in the title of the negotiator.—Code 1907, §§ 5007, 5014; *Bruce v. Bank,* 185 Ala. 221, 64 South. 82, 84; *Drinkall v. Bank,* 11 N. D. 10, 88 N. W. 724, 57 L. R. A. 341, 95 Am. St. Rep. 693, 700, 701; *Collins v. Gilbert,* 94 U. S. 753, 24 L. Ed. 170. Under such a complaint the plaintiff assumed the burden of proving the indorsement and delivery and the payment of value before maturity as alleged.

(6) To avoid the plaintiff's right to recover on proof of the matters averred in the complaint it was incumbent upon the defendant to appropriately affirmatively plead notice to the plaintiff of an infirmity in the payee's right to negotiate the note at the time that was done. None of the pleas stricken on demurrer effectually asserted any such matter. The unrestricted transfer of a negotiable instrument, before maturity, in the usual course of business, for a valuable consideration, and without notice, creates in the indorsee an original and paramount right of action; and in his hands the instrument is exempt from all legal and equitable defenses to which it might have been subject before its transfer.—*Capital City Ins. Co. v. Quinn,* 73 Ala. 558.

(7) After the note had been, before maturity, negotiated, the payor was powerless to discharge his obligation by an attempted payment to the payee, whether the payor had notice of the transfer or not.—*Snead v. Barclift,* 2 Ala. App. 297, 56 South. 592; *Drinkall v. Bank, supra.* There was no error in the ruling on demurrers to the pleas. The evidence has been carefully considered on the issue whether the amount placed to the credit of the payee's checking account was exhausted before any notice was brought to the plaintiff of the asserted infirmity in the payee's right to transfer the note. In our opinion, it was affirmatively shown without dispute that the proceeds so credited were exhausted before any notice of the asserted infirmity was brought to the plaintiff. Indeed, the witness Porter testified that the first time he heard of it was when the note was being examined shortly before the trial of the case. The defendant offered no evidence of notice to any officer of the bank. Otherwise it was shown without dispute that after the proceeds of the discounted note were credited on the checking account, the

payee being then and afterwards largely indebted to the plaintiff bank, checks were honored against the checking account, which was frequently overdrawn, and that later the payee became a bankrupt. The Exhibit A to the deposition of Porter, the president of the plaintiff bank, is not evidence contradictory in any degree of the evidence otherwise that the proceeds of the discounted note were checked out. That exhibit appears to be but a list of notes discounted for the payee. The fact that on it were penciled footings of the growing aggregates of payee's discount did not tend to show that the note in question was charged back to the payee's account in contradiction of Porter's testimony to that effect.

(8) A bank does not become a bona fide purchaser for value and without notice of a negotiable paper by simply discounting it for one, not its debtor at the time and placing the amount to the credit of the holder by way of deposit. In such circumstance the act of discounting and of crediting only effects to establish the relation of debtor and creditor between the depositor and the bank; but, if the amount deposited to the checking account of the customer is exhausted before maturity or before notice of any defect, then the bank is a purchaser for value.—*Warman v. Bank,* 185 Ill. 60, 57 N. E. 6, 49 L. R. A. 412; *Bank v. Winsor,* 101 Minn. 470, 112 N. W. 999, 118 Am. St. Rep. 641, 11 Am. Ann. Cas. 204, 206; *Bank v. McNairy,* 122 Minn. 215, 142 N. W. 139, Ann. Cas. 1914D, 977; *Bank v. Green,* 130 Iowa, 384, 106 N. W. 942.

(9, 10) The trial court correctly gave the jury the general affirmative charge, with hypothesis, for the plaintiff; and under the authority of *Koch's Case,* 115 Ala. 99, 105, 22 South. 471, and *Boozer v. Jones,* 169 Ala. 481, 485, 53 South. 1018, improperly gave at the defendant's request a charge concluding in favor of the defendant if the jury did not believe the evidence. The jury retired to consider its verdict and later returned with a verdict for the defendant, which the court declined to receive, at the same time withdrawing the above-mentioned improper instructions it had given the jury at the defendant's instance. The bill of exceptions then recites: "The court thereupon withdrew said charge from the jury, and stated to them that the charge which he had given for the plaintiff 'that, if they believe the evidence, they must find for the plaintiff,' was still be-

fore them, and that they must be governed in the finding of the verdict by this charge. The court then instructed the jury to return to the jury room and make their verdict in accordance with this peremptory charge given at the instance of the plaintiff."

In a short time the jury returned with a verdict for the plaintiff.

Under the circumstances shown by the bill, it is clear that the legal effect of what the trial judge said to the jury, after declining to accept the verdict for the defendant, was to *direct* a verdict for the plaintiff. The court is of the opinion that this action of the trial judge was error to reverse, according to the authority of *Shipp v. Shelton,* 193 Ala. 658, 69 South. 102, and cases therein cited.

The judgment is therefore reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.