(87 South. 358)

**SLAUGHTER et al. v. GREEN, Superintendent of Banks.    (5 Div. 747.)**

(Supreme Court of Alabama.  Dec. 16, 1920. Rehearing Denied Jan. 26, 1921.)

**1. Banks and banking ⬳63½ — Actions on debts of liquidating banks brought in name of superintendent of banks.**

Under Gen. Acts 1911, p. 50 et seq., and Gen. Acts 1915, p. 88 et seq., creating the banking department and authorizing the superintendent of banks to collect debts due banks in process of liquidation, actions to collect the debts of banks in the course of liquidation are properly brought in the name of the superintendent.

**2. Banks and banking ⬳63½—Action held brought by superintendent in official capacity.**

Where both the caption and the body of the complaint stated that the action was by plaintiff as superintendent of banks, a contention of defendants predicated on the assumption the action was by the superintendent in his individual, not official, capacity, is without merit.

**3. Appeal and error ⬳1042(2) — Error in striking pleas held harmless.**

Error, if any, in striking from the files three special pleas of defendant, is not prejudicial to defendant where, under other pleas, he could have had, and really had, the full benefit of such material matters as were alleged in the pleas which were stricken.

**4. Trial ⬳83(1)—Ground of objection to note and mortgage offered in evidence must be stated.**

Under Circuit Court Practice Rule 33 (Code 1907, p. 1527), an objection to the introduction in evidence of the note sued on and mortgage securing it was unavailing, where no ground of objection was stated.

**5. Bills and notes ⬳523—Evidence held to authorize finding of indorsement.**

Where the note sued on by a transferee and the mortgage securing it were offered in evidence and showed that the payee had written his name on the back of the mortgage, the court might have concluded from its inspection that the payee-mortgagee had indorsed the instrument in suit, in view of Code 1907, §§ 4985–4990, especially where a witness had testified that the indorsement of the payee was on the instrument when received by the transferee.

**6. Evidence ⬳376(1)—Bank register identified by witness making entry is admissible.**

Under Code 1907, § 4003, the entry in the discount register of a bank was admissible after a witness had testified that he made the entry with reference to the note in suit.

**7. Appeal and error ⬳664(1) — Recital no grounds of objections to evidence were stated governs statement of grounds.**

Where the bill of exceptions to the admission of evidence recited "no grounds stated," and then immediately thereafter recited several grounds of objection, the former recital must be accepted under the rule that, where the recital of a bill of exceptions is equivocal, it

will be construed in favor of the action taken by the trial court, averting the imputation of error.

**8. Trial ⬳94—Ground for motion to strike evidence must be stated.**

A motion to exclude answers from evidence was well overruled, where no ground for the motion was even intimated.

**9. Trial ⬳91—Answers to questions not objected to cannot be excluded.**

Admitted evidence which was obviously pertinent to the issues, and which was elicited by a question to which no objection was interposed, cannot be excluded on motion.

**10. Appeal and error ⬳728(1)—Assignment of error in overruling objection to evidence as to what records would show is insufficient.**

An assignment of error based on an objection to testimony as to what the records would show, on the ground that the witness said this is not the complete record, is descriptive merely and too indefinite to present anything for review.

**11. Bills and notes ⬳537(5)—Ownership of note when action was commenced held for jury.**

Where there was evidence in an action by the superintendent of banks tending to establish the acquisition of the note in suit by the bank being liquidated before the maturity of the note, though it was contradicted by defendants' evidence, defendants were not entitled to the general affirmative charge on the theory that it was shown that the bank did not own the note when the action was commenced.

**12. Trial ⬳252(15)—Requested charge as to note not supported by evidence properly refused.**

A charge that the president of a bank to whom the note was intrusted by the payee could not become both the seller and purchaser of the note was properly refused, where there was no evidence that he became or undertook to become both seller and purchaser.

**13. Trial ⬳253(10) — Charge that acts of president bound bank held too broad under evidence.**

In an action on a note claimed to have been transferred to a bank, where the payee testified he delivered the note to the president of the bank under certain conditions, but there was other evidence that the note was delivered to the president individually, and not in his official capacity, the requested charge that the bank was bound by the acts of its president was too broad.

**14. Trial ⬳260(9) — Refused charges held covered in effect by given charge.**

In an action on a note on behalf of a bank which claimed to be the transferee, where the defense was payment to the payee and the court charged that unless the jury believed that the payee received money or its equivalent from the bank for the note sued on they should find for defendants, so that the issue of ownership by the bank was restricted to actual purchase, no possible prejudice could have resulted to defendants from the refusal of their

requested charges based on their theory that the note was only conditionally committed to the possession of the bank.

### On Rehearing.

**15. Appeal and error ⬅1042(2) — Stricken plea held covered by plea of payment.**

Where issue was joined on pleas of payment of the note in suit before the action was commenced and on verified pleas denying ownership of the note by the bank, any material matter that could have been admitted under a stricken plea, averring payment of the note before the makers had notice it had been deposited with the bank as collateral security, was admissible under the other pleas, so that defendants were not prejudiced by the striking of the plea.

**16. Bills and notes ⬅427(1)—Payment of negotiable instrument must be to holder.**

Payment of a negotiable instrument to be effectual must be made to the holder thereof.

**17. Appeal and error ⬅231(2)—Objection to oral reply without grounds does not test sufficiency.**

Where, at the trial, counsel for the plaintiff asked leave to reply to the plea of payment of a note by alleging that the bank on whose behalf the suit was brought was a bona fide purchaser thereof for value before maturity, an objection by defendants without the statement of any grounds therefor does not present the objection that the reply should have been in writing, or test its sufficiency.

**18. Appeal and error ⬅1005(2)—Approved verdict supported by evidence conclusive.**

In an action by the superintendent of banks on a note in the possession of a bank being liquidated, where there was evidence tending to show that the payee received from the bank value for the negotiable note before its maturity, and the defense was payment to the payee, the trial court cannot be held to have erred in overruling defendant's motion for a new trial after the jury found for plaintiff.

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

Action begun by A. E. Walker, as Superintendent of Banks, and prosecuted to judgment by his successor, D. F. Green, against Melton Slaughter and another, upon a promissory note claimed to be owned by the Farmers' & Merchants' Bank of Goodwater, which the plaintiff was liquidating. Judgment for plaintiff, and defendants appeal. Affirmed.

The substance of pleas 4, 5, and 6 sufficiently appears.

Plea 7 is that the plaintiff had no right to maintain this action against these defendants. Plea 8 is that the note sued on was deposited with the Farmers' & Merchants' Bank of Goodwater, by R. H. Crew, the payee of said note, as collateral security, and the defendants paid said note before they had any notice that it had been deposited with said bank.

Plea 9. That the note described in said complaint, and which is the basis of this suit, is the property of R. H. Crew, and while it is true that the said R. H. Crew wrote his name across the back of said note and left it in the Farmers' & Merchants' Bank, he did not sell said note to said bank, and said bank did not become the owner of said note, but the same was left in said bank by the said Crew merely for convenience, and said bank did not acquire any title or interest in said note, and the plaintiff in this case did not acquire and is not the owner of any title to or interest in said note.

Plea 10. That the note sued on in this case was deposited by Crew, the payee of said note, with the Farmers' & Merchants' Bank of Goodwater, Ala., as collateral to his note to said bank for $1,358.51, and that the said R. H. Crew has paid all of said note for $1,358.51, except the sum of $725, and the said Crew tendered to the plaintiff the balance of $725 before this suit was brought, and the said sum of $725 the said Crew has brought into this court, and the plaintiff no longer has any right to said note and no right to maintain any action thereon or to claim any right thereunder.

The following matters were presented in the assignments as follows:

(8) In overruling the objection of the defendant to the following question asked the witness M. M. Eppes, by plaintiff: "Now, from the examination of these entries there, refresh your recollection of the transaction about what happened about this note, and I will ask you to state to the court and jury what your recollection is of how the bank came into possession of this particular paper and what the bank paid out at that time in February, and how it was paid out."

(9) In failing to exclude the answer to said question: "The note came into the bank for Mr. Crew; as to the exact way the money was paid out, I do not know."

(10) In overruling defendant's objection to plaintiff's question to the witness Eppes: "But there was paid out that day how much money on that note?"

(11) In overruling motion to exclude the answer: "The records show that the transaction took place, or that the bank received a bill receivable that day for a thousand dollars."

(12) Overruling defendant's objection to the answer of the witness Eppes, as follows: "Either as I say, either one of two things, it either went to Mr. Crew's credit, or it went as a part payment in raising the capital stock of the bank."

(13) In overruling defendant's motion to exclude the following answer of the witness Eppes: "There is a way that it could have happened. It happened either one way or the other, as near as I can recall."

(14) The court erred in overruling and refusing to grant the objection of defendants as to the testimony as to what the records would

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

show, on the grounds that the witness says that this is not the complete record.

The following are the charges referred to as refused to the defendant:

(2) The court charges the jury that if M. M. Eppes had any authority from R. H. Crew to use or to dispose of the note in question, Eppes could not be both seller and purchaser at the same time and in the same transaction, and an attempted sale or transfer of said note attempted to be made would be void.

(3) If you believe from the evidence that Crew placed the note sued on with the Farmers' & Merchants' Bank or with M. M. Eppes, the president of the bank, then anything that Eppes may have done or attempted to do with the note would be the same as if the bank had done it, and the bank itself is bound by what Eppes did with reference to said note.

(4) The president of a bank has a right to act for the bank and to bind the bank in any business transaction coming within the regular course and scope of the business of the bank, and if you believe from the evidence that the note sued on was deposited with the bank to be used as collateral by leaving it with Eppes, then if Eppes used the note in any way while it was in the bank or possession of Eppes, in this way, this would be the same as if the bank had used it, and the bank would not thereby be entitled to recover on the note.

J. W. Strother, of Dadeville, for appellants.

The suit is by the individual, and not by the legal representative. 137 Ala. 492, 34 South. 562; 106 Ala. 458, 17 South. 629. Under the pleading, the burden was on plaintiff to show that he was the owner of the paper. 148 Ala. 320, 42 South. 561; 128 Ala. 510, 29 South. 549; 127 Ala. 501, 29 South. 26. The fact that the defendant paid the note without any knowledge that it had been transferred is a good defense to the action. 177 Ala. 503, 58 South. 273. On these authorities counsel bases argument as to each assignment of error.

J. Sanford Mullins, of Alexander City, for appellee.

The note was an accomodation paper, for which the bank paid full value, and may therefore recover full value. 1 A. & E. Enc. of Law, 335, 360, 369; section 4984, Code 1907; 79 Ala. 557, 58 Am. Rep. 620.

McCLELLAN, J. [1, 2] In liquidating the affairs of the Farmers' & Merchants' Bank of Goodwater, the then superintendent of banks, a state official, instituted this action against Malton and Arrie Slaughter to recover on a note executed by the Slaughters to R. H. Crew, and averred in the complaint to be "the property of the Farmers' & Merchants' Bank." Under the provisions of the act creating the banking department, the superintendent was authorized and directed to collect the debts, etc., of banks, the liquidation of the affairs of which became a duty under the law. Gen. Acts 1911, p. 50 et seq., particularly section 10, p. 61; Gen. Acts 1915, p. 88 et seq. In such circumstances, actions to collect debts and to render available assets of banks in course of liquidation are properly brought in the name of the superintendent. The complaint was amended in this instance so as to substitute the superintendent in office at the time of the trial. It is plain from the caption, as well as from the body, of the complaint that this action was instituted and prosecuted by the superintendents in their official capacity. Ala. City Ry. Co. v. Heald, 178 Ala. 636, 59 South. 461; Alverson v. Little Cahaba Coal Co., 201 Ala. 123, 126, 77 South. 547—among others. There is therefore no merit in the appellants' contention predicated of the idea that the action was brought in the individual, not the official capacity of the person named as the superintendent of banks.

[3] In addition to general traverses, in different forms, the defendants (appellants) interposed pleas 4, 5, and 6, the fourth plea asserting payment before the suit was commenced and the other two, which were verified, averring that the bank did not own, was not beneficially interested in, the note sued on. These pleas (5 and 6) effected to cast the burden of proof, in respect of ownership of the note, upon the plaintiff. Code, § 3967. On motion of the plaintiff, the court struck from the file special pleas 7, 8, and 9. No prejudicial error resulted from this action of the court, since, if error affected this ruling, under pleas 5, 6, and 10, the defendant could have and really had the full benefit of such material matters as were alleged in these stricken pleas.

[4, 5] To secure the note sued on—a negotiable instrument—a mortgage was given to the payee by the payors. The plaintiff offered these papers in evidence, the bill of exceptions reciting this:

"On the back of said mortgage, in the corner at bottom of page, the payee and mortgagee had written his name, R. H. Crew. The defendant objected to the introduction in evidence of said paper and said note."

The court overruled the objection, and exception was reserved. According appropriate effect to the provisions of Rule 33 of Circuit Court Prac. (Code, p. 1527), the objection was vain; no grounds therefor being stated. Furthermore, the court might have concluded from its inspection that the payee-mortgagee had indorsed the instrument in suit. Code, §§ 4985–4990. Indeed, subsequently, the witness Henry testified that indorsement by the payee was present on the note sued on, on February 26, 1917, when entries were regularly made on the books

of the bank of that day's business. The appellants can take nothing by reason of the admission of the instrument in evidence, nor by reason of the refusal to exclude the papers on defendants' motion. After some of the testimony had been taken, the bill of exceptions recites this occurrence:

"Counsel for plaintiff here stated to the court: 'If the court please, it just occurred to me, I want to ask permission of the court to those pleadings filed by replying that the bank became the purchaser and owner of this paper before March, for value.' The defendant objected to this; the court overruled said· objection. To this action and ruling of the court the defendants then and there duly and legally reserved an exception."

As appears, the sufficiency of the reply thus made was not tested by demurrer. It is now argued that the reply should have been reduced to writing. This ground of objection was not stated. The objection was doubtless regarded by the court as being addressed to the exercise by the court of the discretion the requested permission invoked. So interpreted, no error was committed in respect of the exercise indicated of the discretion invoked, no abuse thereof being made to appear. If the matter asserted was indefinite in its. allusion to the month of "March," the defendants should have tested the sufficiency of the reply in an appropriate way.

[6-9] The witness Henry having testified that he made the entry on the "discount register" with reference to the note sued on, under the heading "Bill Receivable," the particular entry in this "register" was properly received in evidence; the grounds of objection stated being without merit. Code, § 4003. The entry offered as from the "liability ledger" was objected to, but the bill of exceptions recites "no grounds stated," and then, immediately succeeding, recites several grounds of objection. Where the recital of a bill of exceptions is equivocal, it· will be construed in favor of the action taken by the trial court, averting the imputation of error. 6 Mich. Ala. Dig. p. 552. The directly contradictory recital indicated requires the application of the rule stated. The matters presented in assignments numbered 8 and 10 are without merit for the like reason; and the motion to exclude those matters was well overruled for the additional reason that no ground for the motion was even intimated, thus rendering assignments numbered 9 and 11 unavailing to establish error. The matter recited in assignment ·numbered 12, obviously pertinent to the issue of ownership vel non of the note by the bank, was elicited by a question to which no objection was interposed; and hence the motion to exclude it was well overruled. Furthermore, no ground whatever was stated in the motion.

Assignment numbered 13 is subject to the same criticism and is equally without merit.

[10] Assignment numbered 14 is based upon a motion that was descriptive merely— too indefinite to serve the purpose to reserve or to present anything for review.

[11] Since there was evidence tending to · establish the acquisition of the note by the bank before its maturity—a state of fact the defendants' evidence, ·through Crew, went to contradict—it is evident that the defendants were not entitled to the general affirmative charge on the theory that it was shown that the bank did not own the note .·when this action was commenced.

[12] If not otherwise entirely justified in refusing charge numbered 2, requested by defendants, that action of the court was proper in view of the fact that there was no evidence, under any theory presented by the record, that Eppes became or undertook to become both the "seller and the purchaser" of the note at the same time. Besides the evidence tending to show the purchase of the note by the bank, there was evidence to the effect that R. H. Crew delivered the note and mortgage to Eppes for his disposition, in one event, to strengthen the impaired capital of the bank, and, in another event, to raise money wherewith to furnish means for a business transaction in which Eppes, individually—not as an officer of this bank —and Crew were or were to become jointly interested.

[13, 14] Special charges 3 and 4 assume, in the broadest terms, to conclude and bind the bank, whose president Eppes was, by Eppes' acts and relation to this note and mortgage under Crew's testimony of what occurred between him and Eppes with respect to Crew's delivery of this note and mortgage to Eppes; and so upon the theory that Eppes was acting in the premises as the president of the bank in such sort as to bind the bank. It not being indisputably proven that Eppes received the note as the representative of the bank, under the conditions testified to by Crew, these special charges would have invaded the jury's province. Furthermore, in a special charge given at the instance of defendants the court instructed the jury as follows:

"Unless the jury believes from the evidence that R. H. Crew received money or its equivalent from the Farmers' & Merchants' Bank for the note sued on, then they should find for the defendant."

The effect of this instruction was to restrict the issue of ownership vel non by the bank to a purchase of the note by the bank, thereby excluding any possible prejudice to defendants resulting from the defendants' theories that the note was only conditionally committed to the possession of the bank, or that Eppes' acts and agreement

with respect thereto left the ownership of the note in Crew.

The judgment is not affected with prejudicial error. It is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## On Rehearing.

McCLELLAN, J. [15, 16] The several contentions for error argued in support of the application for rehearing have been duly considered in the light of that argument. The plaintiff, a state official, sued in that capacity only, averring that the note declared on was the property of the bank then in process of liquidation. The fourth plea alleged that the note had been paid before the action was commenced. The action was commenced on March 22, 1918, practically four months after the date of maturity of the note sued on. The verified fifth and sixth pleas, respectively, denied the ownership of the note by the plaintiff or the bank. The note was a negotiable instrument, and there was evidence tending to show its negotiation before maturity to this bank. The judgment recites that "issue was joined," thus putting in issue, in addition to the result of the general traverses, the matters set up in pleas 4 to 6, inclusive; the burden of proof in respect of ownership being cast (by pleas 5 and 6) on the plaintiff, a burden that may have been met in respect of both the bank and the official (plaintiff) by showing ownership of the note by the bank prior to the assumption of its possession for the purpose of its liquidation. Plea 8 (stricken on plaintiff's motion) averred that defendants had paid the note sued on before they had any notice that this note had been deposited with the bank as collateral security by the payee, Crew. The note here declared on being a negotiable instrument, the doctrine of Hart v. Adler, 109 Ala. 467, 19 South. 894, followed and applied in Stewart v. Bibb Co. Bank, 177 Ala. 507, 58 South. 273, is without application. Payment of a negotiable instrument, to be effectual, must be made to the holder thereof, except in certain circumstances not presently pertinent to be restated. 8 C. J. pp. 598, 599; Crawford on Neg. Instr. pp. 112, 113; Snead v. Barclift, 2 Ala. App. 297, 56 South. 592; Sherrill v. Merchants' Bank, 195 Ala. 175, 178, 70 South. 723. Hence, we may repeat what was said in the original opinion, that the unrestricted averment of payment in plea 4 was sufficient to admit any material matter sought to be asserted in plea 8, stricken, on motion, without error of prejudice to appellants.

[17, 18] The court has reconsidered its ruling in the original opinion on the oral replication, and remains convinced that no error was committed. No demurrer to the replication was suggested or filed. Its sufficiency was not brought to test. There was no suggestion, even, that it should have been reduced to writing. The record shows only an objection, no grounds being stated. The trial of the cause proceeded on a theory consistent with matter of avoidance asserted in the oral replication, culminating in the giving, at appellant's request, of the special charge quoted in the original opinion. There was evidence tending to show that the payee received from the bank, value for the negotiable note before its maturity. Whether it was sufficient to invite the conclusion hypothesized in the special given charge quoted in the original opinion was a question due to be submitted to and decided by the jury; and the proper discharge by the jury of this duty depended upon the credence to be accorded the testimony of Eppes and the books of the bank.

In the state of the evidence, the trial court cannot be held to have erred in overruling the motion for new trial. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

The application for rehearing is denied.