[Washington et al. v. The State.]

# Washington *et al. v.* The State.

*Indictment for Larceny.*

1. *Challenge of juror for cause; what not ground.*—That a juror is first cousin to the prosecuting attorney is no ground of challenge for cause.

2. *Description of animal stolen.*—It is no objection where the animal stolen was a "pig," that it should be alleged in the indictment as a "hog."

3. *Refusal to pass on evidence, and discharge co-defendant.*—Where there was some evidence tending to show that a co-defendant was a participant in the commission of the offense, its sufficiency being a question for the jury—whether he was an accomplice, being one of the questions—the court properly refused to pronounce criminating evidence unworthy of belief, and order such prisoner's discharge on the ground that there was not sufficient evidence to convict him.

4. *When ruling of court below not reviewed.*—The Supreme Court declines to consider testimony stated in so confused and uncertain a manner that they cannot tell precisely what was the ruling of the court below.

5. *Charge; what properly refused.*—A charge that "proof of contradictory statements or declarations on a material point made by a witness may be sufficient to raise a reasonable doubt in the minds of the jury," is, as it stands, calculated to mislead the jury. Such a charge would be proper if it contained the additional clause "*if the guilt of the prisoner depended upon the testimony of this witness,*" or this, "*if the truth of this witness' testimony.*"

6. *Same; what error to refuse.*—A charge, speaking of the corroborating evidence necessary to sustain a witness not worthy of credit, which says "such corroborating testimony in order to avail anything must be of a fact tending to show the guilt of defendant," is proper and its refusal is error.

APPEAL from the Perry Court of Quarter Sessions.

Tried before the Hon. POWHATTAN LOCKETT.

The indictment in this case charged that "Andrew Washington and George Neal feloniously took and carried away a *hog*, the personal property of one Robert Harper," &c.

While the jury were being empanneled it was agreed between the defendants' counsel and solicitor, that one Wm. Pitts, a cousin of the solicitor, who had been drawn as a juror, should be excused from the jury because of such relationship, but the court refused, and defendant excepted. The case then proceeded to trial and the prosecutor testified that he lost from his plantation a Berkshire "pig," to which defendant objected, because the indictment alleged a "hog," but the court overruled the objection, and defendant excepted. The prosecutor then testified as to the stealing, &c.

Defendant's counsel moved, after the State had closed its evidence, to discharge George Neal, a co-defendant, on the ground that there was not sufficient testimony to convict him, or put him on his defense, under section 4896 of the Code.

[Washington et al. v. The State.]

The court refused the motion and the defendant excepted. The testimony against Neal was light, though it *tended* to show that he was an accomplice.

Among other charges, the defendants asked the following, in writing : 1st. Proof of contradictory statements or declarations on a material point made by a witness may be sufficient to raise a reasonable doubt in the minds of the jury." "3d. The testimony of a witness for the prosecution, who is shown to be unworthy of credit, is not sufficient to justify a conviction *with* corroborating testimony." "4th. Such corroborating testimony, in order to avail anything, must be of a fact tending to show the guilt of defendants." The court refused these charges, and defendants excepted.

BUSH & PITTS, for appellants.

JOHN W. A. SANFORD, Attorney-General, *contra.*

STONE, J.—The objection to the juror did not fall within any of the grounds of challenge for cause, and, therefore, the court did not err in overruling it.—Code of 1876, §§ 4734, *et seq.;* 4881 *et seq.*

The objection to the description of the animal, alleged to have been stolen, as a hog, was not well taken.—*Lavender v. The State,* at the present term.

We do not think the court erred in refusing to pass on the sufficiency of the evidence to convict George Neal. There was some testimony tending to show he was a participant in the commission of the offense charged, and its sufficiency, under proper instructions, was a question for the jury. Whether he was an accomplice was one of the questions before the jury, and it would require a very strong case to justify the court in pronouncing criminating evidence unworthy of belief, and, on that account, to order the discharge of the prisoner against whom he had testified.—Code, §§ 4894–5.

The testimony of the appearance of the health is stated in so confused and uncertain a manner that we can not tell precisely what was the ruling of the court; and we decline to consider it.

One piece of testimony we can not perceive the relevancy of. It is that Alex. Baylor was permitted to testify, against the objection of defendant, "that Burrell and Wm. Christian had come to his house Sunday before last, and called for Shep Clarke at his house." Shep Clarke had given very important testimony against the prisoners, to the effect that he had seen them with the stolen hog. He had been asked

[Washington et al. v. The State.]

if he had not made different and contradictory statements to Burrell and Wm. Christian—denied it, and they had testified, contradicting him. The State then, in rebuttal, offered the testimony above copied. It is stated in the record that it contains all the evidence, and what is recited above is all the record contains, tending in the remotest degree to show the materiality of the evidence objected to. If necessary we would reverse this cause on the admission of this evidence, in the condition of the present record.—1 Brick. Dig. 505, relevancy and admissibility of evidence in criminal cases.

Possibly there is something, not shown, which proves its materiality, and on another trial it may be made to appear. There is nothing in this record to show it.

The first and fourth charges asked by the prisoners, and refused by the court, need some comment. The first would have been free from error, if it had contained a little more. To the words, "sufficient to raise a reasonable doubt in the minds of the jury," something should have been added. Reasonable doubt of what? Not necessarily of the guilt of the accused; for the other evidence in the cause might exclude all reasonable doubt of guilt. The charge should have contained a clause, somewhat to this effect: *If the question of the guilt of the accused depends on the testimony of this witness;* or, to this effect: A reasonable doubt in the minds of the jury *of the truth of this witness' testimony.* This charge was calculated to mislead, and was rightly refused.

Charge four had been substantially given in the general charge, but it asserted a correct legal proposition; and being asked in writing, and not abstract, it should have been given.

For the error pointed out above, the judgment of the Court of Quarter Sessions is reversed, and the cause remanded. Let the prisoners remain in custody until discharged by due course of law.