# Segars *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Sufficiency of evidence.*—In a criminal case, the jury are not authorized to find a verdict of guilty on the testimony of a single witness, if they have a reasonable doubt of the truth of his statements, without reference to the exculpatory evidence adduced by the defendant; and the court should so instruct them, on request.

FROM the Circuit Court of Pike.
Tried before the Hon. JOHN P. HUBBARD.

THOS. N. McClellan, Attorney-General, for the State.

CLOPTON, J.—The defendant was indicted and convicted of carrying a concealed weapon—a pistol. Only one witness was introduced and examined by the prosecution, and he was impeached by proof of contradictory statements. The testimony of the other witnesses on the part of the defendant

tended to show that he did not have a pistol at the time charged. On this state of the evidence, the defendant requested the court to instruct the jury, that if the evidence of the State consists in the statements of a witness, of the truth of which the jury have a reasonable doubt, they can not convict on such evidence, although they may not believe the testimony of defendant's witnesses. In a criminal case, a *prima facie* case of guilt does not generally rebut the presumption of innocence, or shift the burden of proof. Until the State proves, in the first instance, beyond a reasonable doubt, the facts which constitute the offense, the accused is not required to establish his innocence by exculpatory evidence. The jury are not authorized to find the defendant guilty on the evidence of a single witness, upon whose testimony the question of guilt depends, if they have a reasonable doubt of the truth of his statements.—*Washington v. State*, 58 Ala. 355. The evidence on the part of the defendant being wholly exculpatory, the effect of refusing the charge is to shift the burden of proof, on a *prima facie* case of guilt being made by the prosecution.

This is the only error we discover in the record.

Reversed and remanded.