# Boozer *v.* Jones.

*Detinue.*

(Decided Dec. 8, 1910.   53 South. 1018.)

1. *Bailment; Sale by Bailee; Right of Purchaser.*—A bailee for hire cannot make a valid sale of the property bailed, even to a third person without notice of want of title in the bailee.

2. *Detinue; Bailment; Possession of Defendant.*—Detinue lies against one having actual possession of the chattel, or such control as to be able to surrender possession of the same without a breach of legal duty; hence, detinue was maintainable against the bailee of a mule who had placed it in possession of another under a supposed sale thereof with the agreement that it should be returned in case the bailee had to account to the bailor therefor.

3. *Same; Evidence; Res Gestae.*—Where the action was detinue for a mule against the bailee, it was competent to show that the witness had asked the person in possession of the mule if he had bought it from the bailor, plaintiff, and was told that he had not, but had hired it from him, such evidence being a part of the res gestae.

4. *Charge of Court; Directing Verdict.*—Where the evidence is in conflict as to material matters a verdict cannot be directed for the defendant.

5. *Appeal and Error; Assignments; Necessity.*—Questions not assigned as error cannot be considered on appeal.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Detinue by Charlotte Jones against D. M. Boozer. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts made by the testimony tend to show that the plaintiff was the owner of four mules, which she rented through her agent to a man named McKinley; that McKinley used the mules to haul oil with, and agreed to pay a rental therefor of $1 per day. Some time later she found the mules in possession of the present appellant, and brought this suit to recover them. The evidence for the defendant tended to show that he purchased the mules from McKinley without notice of any one else's claim thereto, paid most of the purchase money in cash, and gave McKinley a credit for $40 on a debt due him. There was also evidence tending to show authority in McKinley to sell the mules. Three of the mules were found in Boozer's possession, while the other mule was in possession of one Haralson, who held it for Boozer under an agreement to deliver in the event the plaintiff should recover in this suit. The evidence for the defendant also tended to show that the reasonable value of hire for a mule per year was $25.

The following charges were refused to the defendant: (D) "The court charges the jury that, if they do not believe the evidence offered by the plaintiff in this case, they must then render a verdict for the defendant." Charges E, F, G, and H are of like import, but with varying phraseology. (1) "The court charges the jury that, if they believe the evidence, they must return a verdict in favor of the defendant as to the small bay mare mule sold by Boozer to Haralson." (J) "The court charges the jury that, under the evidence in this case, plaintiff is not entitled to recover the bay mare mule shown to have been sold and delivered to Haralson by defendant, Boozer, before demand was made upon Boozer by plaintiff."

[Boozer v. Jones.]

The testimony objected to was as follows: The defendant objected to the following question propounded by the plaintiff to the witness Craig: "Did you hear William McKinley say at the time anything about how he held possession of these two mules sued for?" and the answer, "I asked McKinley if he had bought the two mules from Jones, and he said, 'No'; that he had hired them from Jones."

BLACKWELL & AGEE, WILLETT & WILLET, and P. F. WHARTON, for appellant. The court erred in permitting the witness to state that McKinley said he had not bought the mules but had hired them from Jones, as the conversation occurred subsequent to the time of Boozer's purchase.—*Mahone v. Williams*, 39 Ala. 213. The court erred in its oral charge directing a recovery for plaintiff for three of the mules and also directing a finding for the hire of the mules from November 1908, as it was shown that the defendant did not come into possession of them until April or May, 1909.—*Daniel Bros. v. Jordan*, 146 Ala. 230; *Vaughan v. Wood*, 5 Ala. 304; *Carroll v. Pathkiller*, 3 Port. 279. The court erred in refusing to instruct that if the jury did not believe the evidence offered by the plaintiff, the defendant was entitled to a verdict, and the other charges along that line, B. F. G. & H.—*A. G. S. v. McAlpine*, 80 Ala. 73; *Koch v. The State*, 115 Ala. 105; *Seabold v. Rogers*, 110 Ala. 445; *Gaynor v. L. & N.*, 136 Ala. 244; *McClesky v. Howell C. Co.*, 147 Ala. 580; *Farley v. M. & O. R. R. Co.*, 149 Ala. 560.

NEIL P. STERNE, for appellee. Declarations as to the character of his possession or how he holds made by a party while in possession are admissible in evidence. —*Lucy v. R. R. Co.*, 92 Ala. 251. The court did not err

in charging affirmatively as to the three mules.—*Hill v. Helton,* 80 Ala. 528; *Hodges v. Raphael,* 30 S. E. 416. The court did not err in charging as to the measure of damages for the use and hire of the mules.—*Hall v. Chapman,* 35 Ala. 553; *Gardner v. Booth,* 31 Ala. 186; *Lawson v. Leigh,* 24 Ala. 184. The court did not err in refusing the charges requested.—*L. & N. v. Malone,* 109 Ala. 509; *Koch v. The State,* 115 Ala. 105; *McClesky v. Howell,* 147 Ala. 573; *Farley v. M. & O.,* 149 Ala. 560; *Williams v. The State,* 50 So. 59; *Johnson v. The State,* 133 Ala. 38. Charge 8 was properly refused.—*Madden v. Blythe,* 7 Port. 258; *Etheridge v. Do ex dem.,* 18 Ala. 571; *Crutcher v. M. & C. R. R. Co.,* 38 Ala. 585. The court properly denied the defendant the affirmative charge as to the small bay mule, as it was shown that defendant had the controlling power over this property. —*Henderson v. Phelps,* 58 Ala. 590; *Walker v. Fenner,* 20 Ala. 192; *Sullivan v. Russell,* 84 Ala. 103; *First Nat. Bank v. Chapman,* 118 Ala. 264.

McCLELLAN, J.—A bailee for hire cannot make a valid sale of the bailment, "even to a bona fide purchaser who may be in ignorance of the vendor's want of title."—*Medlin v. Wilkerson,* 81 Ala. 147, 1 South. 37; *Singer Manuf'g Co. v. Belgart,* 84 Ala. 519, 4 South. 400; *Milner & Kettig Co. v. De Loach Manuf'g Co.,* 139 Ala. 645, 36 South. 765, 101 Am. St. Rep. 63; *Miller Piano Co. v. Parker,* 155 Pa. 208, 26 Atl. 303, 35 Am. St. Rep. 873, 874. McKinley was shown, without dispute, to have been a mere bailee for hire (with no right or authority to sell them) of the four mules sought to be recovered in this action. The ownership of the title to the property was proven, without conflict, to have been in the plaintiff (appellee), the bailor. Obviously the plaintiff was entitled to prevail. The court so af-

firmatively instructed the jury as to three of the mules. There was no error in that action.

As to the other mule, attempted to be sold by the defendant to Haralson, Boozer (defendant) testified that he "told [plaintiff's general agent] that he would be responsible for the mule Haralson had and the other mules in case Jones recovered them by suit; that he had an arrangement with Haralson by which Haralson was to hold the mule for witness, in case witness had to account for it." Under this arrangement, evidently the bay mare mule, referred to in charges I and J, requested by and refused to defendant, was subject to the control of the defendant, though held so conditionally by Haralson. As appears, this animal was, in effect, staked out to answer the command of appellant whenever he saw fit to retake it for delivery to appellee. Detinue may be maintained against one in actual possession of the chattel, or against one who has such controlling power over the chattel as that he could, without breach of legal duty or obligation, surrender the possession if he elected to do so.—*Henderson v. Felts,* 58 Ala. 590; *Nelson v. Howison,* 122 Ala. 573, 579, 25 South. 211. These charges were, hence, well refused.

Charges D, E, F, G, and H, requested by and refused to defendant, predicating a finding for defendant on a disbelief of the evidence, were properly refused, for the reason stated in the following decisions: *Koch v. State,* 115 Ala. 99, 22 South. 471; *Hampton v. State,* 133 Ala. 189, 32 South. 230; *Sanford v. State,* 143 Ala. 85, 39 South. 370; *McCleskey & Whitman v. Howell Cotton Co.,* 147 Ala. 573, 581, 42 South. 67; *McConnell v. Adair,* 147 Ala. 599, 41 South. 419. The last cited decision reviews others delivered, bearing on the inquiry.

The two remaining errors assigned relate to rulings on the admission of evidence. The statements attribut-

486    SUPREME COURT    [Vol.

ed to McKinley, descriptive of the character of his possession of the mules, were admissible under the principle that such statements were explanatory of his possession, and were of the res gestae of that possession.— *Mobile Savings Bank v. McDonnell*, 89 Ala. 434, 448, 8 South. 137, 9 L. R. A. 645, 18 Am. St. Rep. 137; *Perry v. Graham*, 18 Ala. 822; *Humes v. O'Bryan & Washington*, 74 Ala. 64, 79-80.

There is no assignment of error raising any question on the measure of recovery for hire or use during detention; hence the argument on that score is without basis for consideration here. There is no merit in the errors assigned.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.