# Mills *v.* The State.

## *Murder.*

### (Decided April 21, 1911. 55 South. 331.)

1. *Jury; Venire; Summoning.*—Where the record does not show how many, if any, names were drawn, which added to the regular jurors for the week in which the trial was set, make one hundred, the number fixed by the order of the trial judge, section 32, Acts 1909, Special Session, p. 318, was not sufficiently complied with, and a judgment of conviction of a capital felony based on the verdict of such a jury cannot be sustained.

2. *Witnesses; Credibility; False in Part.*—The jury may disregard all of a witness's testimony and acquit where the defendant's guilt depends on the testimony of such a witness, if the jury believes that a material part of such testimony was willfully and maliciously false; but a jury is not authorized to reject the whole of a witness's testimony because a part thereof was willfully and maliciously false unless such part was material.

3. *Charge of Court; Reasonable Doubt.*—A charge asserting that if the state's evidence consists in the statement of witnesses of the truth of which the jury have a reasonable doubt, they cannot convict thereon, although they may not believe the defendant's witnesses, is a proper charge and should have been given.

4. *Same.*—A charge asserting that unless the evidence excluded every reasonable supposition except guilt, the jury should acquit, is proper and should have been given.

5. *Same; Credibility of Witness.*—A charge asserting that if the jury believed that any part of the testimony of a witness is willfully false it is the duty of the jury to disregard the witness's testimony entirely, is improper as invasive of the province of the jury, although the jury may disregard such testimony if a material part thereof is wilfully and maliciously false.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Hardy Mills was convicted of second degree murder, and he appeals. Reversed and remanded.

The following charges were refused to the defendant:

(A) "If the evidence of the state consists in the statement of witnesses, of the truth of which the jury have a reasonable doubt, they cannot convict on such

evidence, although they may not believe the testimony of defendant's witnesses."

(B) "If the guilt of the defendant depends upon the testimony of the witness Carl Pelham, and the jury believe from the evidence that said witness Pelham was willfully and maliciously false as to any material part of his testimony, then the jury may disregard all of the testimony of such witness, and find the defendant not guilty."

(C) "The court charges the jury that, if they believe that any part of the testimony of Carl Pelham is willfully false, then it is the duty of the jury to disregard his testimony entirely."

(58) "If the guilt of the defendant depends upon the testimony of Carl Pelham, and the jury believe from the evidence that the evidence of said witness was willfully and maliciously false as to any material part of his said testimony, then the jury may disregard all of the testimony of said witness Pelham and find the defendant not guilty."

(X) Same as 58.

(26) "If the testimony of Carl Pelham has been impeached, the jury should disregard his entire testimony, unless it was corroborated by other testimony not impeached."

(55) "Unless the evidence excludes every reasonable supposition but that of guilt, the jury should acquit."

(Z) "If the evidence of the state consists in the statement of witnesses of the truth of which the jury have a reasonable doubt, they cannot convict on such evidence, although they may not believe the testimony of defendant's witnesses."

(56) "The court charges the jury that, if they believe that the witness Carl Pelham has been contradicted in

any material part of his testimony, they would be authorized to disbelieve all of his testimony."

(57) "The court charges the jury that, if they believe from the evidence in this case that any part of the testimony of Carl Pelham is willfully false, then the jury would be authorized to disregard his testimony entirely."

It is not deemed necessary to set out the other charges referred to in the opinion.

ESPY & FARMER, H. L. MARTIN, and W. O. LONG, for appellant. No venue was proven and the defendant was entitled to the affirmative charge.—*Sampson's Case,* 46 Ala. 307; *Clark's Case,* 49 Ala. 389; *Walker's Case,* 52 Ala. 192; *William's Case,* 54 Ala. 131; *Child's Case,* 55 Ala. 28; *Hubbard's Case,* 72 Ala. 169; *Bowdoin's Case,* 91 Ala. 61. The defendant was tried by an illegal jury and for this reason the judgment should be reversed.—Sec. 32, Acts 1909, 319; *Smith v. The State,* 52 So. 396. Charge A should have been given.—*Segars v. The State,* 86 Ala. 60. Charge Y should have been given.—*Jackson v. The State,* 136 Ala. 30. Charge 26 should have been given.—160 Ala. 35. Charges 55 and Z should have been given.—*Bones v. The State,* 117 Ala. 138; *Griffin v. The State,* 150 Ala. 53. Charges 56 and 57 should have been given.—160 Ala. 584. Charges 60 to 66 should have been given.—*A. G. S. v. Frazer,* 93 Ala. 51.

ROBERT C. BRICKELL, Attorney General, and WILLIAM L. MARTIN, Assistant Attorney General, for the State. There was sufficient evidence in this case to authorize the jury to infer reasonably that the offense was committed in Henry County, and hence, the court properly denied the affirmative charge to the defendant.—*Clark*

[Mills v. The State.]

v. *The State,* 78 Ala. 474; *Ellsberry's Case,* 52 Ala. 8; *Tidwell v. The Satte,* 70 Ala. 33. The court is committed to the proposition that the jury was illegally drawn and the case will have to be reversed on that ground. —*Howard v. The State,* 160 Ala. 7. Charge A had no application to this case as a great many witnesses were examined for the State. Charges B, 58 and X were properly refused.—*Welch v. The State,* 97 Ala. 1; *Green v. The State,* 97 Ala. 59. Charge 36 is properly refused.—*Searight v. The State,* 160 Ala. 35. Charge 55 was properly refused.—*Johnson v. The State,* 102 Ala. 18; Words & Phrases, 3377. Counsel insist that the other charges refused were substantial duplicates of charges given, and hence, there was no error in their refusal.

PER CURIAM.—Section 32 of the jury law, in force at the time of this trial (Acts 1909 [Sp. Sess.] p. 318), among other things requires that: "Whenever any person or persons stand indicted for a capital felony, the court must on the first day of the term, or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons including those drawn and summoned on the regular juries for the week set for the trial of the case, and shall then in open court draw from the jury box the number of names required with the regular jurors drawn and summoned for the week set for the trial to make the number named in the order." The record fails to show a compliance with the law, in that it fails to show how many, if any, names were drawn by the court, which, if added to the regular jurors for the second week, would constitute 100, the number fixed in the order. In other words, while the order designates 100 persons as the venire to try the case, there

is nothing to show that the court drew any special jurors at all, or from what and in what manner the 100 persons, other than the regular jurors for the second week, were to be had. The judgment entry does not show any drawing by the court of any number of jurors, as is required by said section 32 of the jury law. As the record fails to disclose that this defendant was tried by a legal jury, this case must be reversed.

The only proof of venue was at or near a store at Haleburg. Whether or not we will take judicial knowledge that Haleburg is in Henry county is a question we need not decide, as the case must be reversed for other reasons, and the state ought to be more specific in proving venue upon the next trial.

Charge A, refused to the defendant, should have been given.—*Segars v. State,* 86 Ala. 59, 5 South. 558.

Charge B is without fault, and should have been given.

Charge C was properly refused. It pretermits the falsity of part of the swearing.

Charges 58 and X, requested by the defendant, should have been given. They are similar to charge 1 in the case of *Jackson v. State,* 136 Ala. 22, 34 South. 188, and cases there cited.

Charge 26, requested by the defendant, was properly refused. The law is that, if a witness has been impeached, the jury may disregard his testimony, unless it was corroborated by other testimony. The charge says the jury *"should"* disregard the testimony, and not that they may do so, and is unlike the charge held good in the case of *Seawright v. State,* 160 Ala. 33, 49 South. 325.

Charges 55 and Z, requested by the defendant, have been approved by this court and could properly have

[Dewyre v. The State.]

been given.—*Bones v. State*, 117 Ala. 138, 23 South. 138; *Griffin v. State*, 150 Ala. 53, 43 South. 197.

Charges 56 and 57, requested by the defendant, assert correct propositions, and could have been given.—*L. & N. R. R. Co. v. Seale*, 160 Ala. 584, 49 South. 323.

The trial court can, with propriety, give charges 60, 61, 63, 64, 65, and 66, requested by the defendant, if requested upon the next trial; but whether there was reversible error in refusing them we need not decide, as the case must be reversed for other reasons.

We do not deem it necessary to discuss the exceptions reserved upon the organization of the jury, since they need not, and doubtless will not, arise upon the next trial.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

NOTE.—The above opinion was prepared by Mr. Justice Anderson of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.