(93 South. 217)

### ESTES v. STATE.  (6 Div. 970.)

(Court of Appeals of Alabama.  June 20, 1922.)

**1. Homicide ⬯353—Judgment held sufficient, though informal.**

A judgment fixing punishment on conviction of manslaughter in the second degree will be sustained, though it is informal or jumbled, where it may be ascertained therefrom what part of the minute entry relates to the verdict and the part relating to the judgment of the court, and when so considered it shows a verdict. of a jury ascertaining guilt and a judgment of the court following the verdict.

**2. Criminal law ⬯995(4)—Surplusage in judgment disregarded.**

A judgment fixing imprisonment as "additional punishment for said offense" may ·be sustained, notwithstanding the use of the word "additional," which will be disregarded as surplusage.

**3. Criminal law ⬯989—In misdemeanor case, defendant need not be asked why sentence should not be pronounced.**

It is not necessary in misdemeanor cases for the court to ask defendant, before sentence, if he has anything to say why sentence should not be pronounced.

**4. Criminal law ⬯828—Instructions on effect of evidence not given without written request.**

Under Code 1907, § 5362, courts, without being requested to do so in writing by one of the parties, may not charge on the' effect of the evidence.

**5. Homicide ⬯309(6)—Reading statute relating to recklessness in driving held proper in prosecution· for manslaughter.**

In a prosecution for second degree manslaughter by reckless driving, the court could read to the jury Acts 1911, p. 642, § 21, defining the law as to such recklessness, notwithstanding such law contained a clause that driving an automobile at more than 30 miles an hour was negligence, and there was no evidence of such speed in the case, where the judge used the expression in the statute to illustrate what was reckless driving, and did not authorize the jury to find that defendant's automobile was driven at that speed.

**6. Criminal law ⬯865(1) — Extremely small punishment inflicted by jury not evidence that jury was overawed by court's charge.**

That the jury finding defendant guilty of second degree manslaughter fixed an extremely small punishment does not show that the jury was overawed into a conviction by the charge and attitude of the court.

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Criminal law ⟨⟩789(17)—Instruction predicating verdict on entire evidence should have been given.**

A requested charge that, if the state's evidence consisted in the statement of witnesses of the truth of which the jury have a reasonable doubt, they cannot convict, although they may not believe testimony of defendant's witnesses, predicated the finding of the jury on the entire evidence, and should have been given.

**8. Criminal law ⟨⟩753(2)—Affirmative charge improper, where evidence would support conviction.**

An affirmative charge is properly refused, where there is evidence to support a conviction.

**9. Criminal law ⟨⟩782(10) — Requested instruction as to testimony of single witness and doubt as to its truth held misleading.**

A requested instruction that the jury could not find a verdict of guilty on the testimony of a single witness, if they had reasonable doubt as to the truth thereof, was misleading.

**10. Homicide ⟨⟩78—Knowledge that unlawful act would result in homicide not essential to manslaughter in second degree.**

Manslaughter in the second degree may be committed by doing an unlawful act, or doing a lawful act in an unlawful manner, though at the time defendant did not actually know that his act would result in a homicide, and this notwithstanding, after the act was done or while in progress, defendant used ordinary care to prevent the taking of human life.

**11. Homicide ⟨⟩78—Intent to take life not essential to manslaughter in second degree.**

Intention to take life is not necessary in a prosecution for manslaughter in the second degree committed by recklessly driving an automobile.

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Lina Estes, after a trial jointly with Parrish Gray, was convicted of manslaughter in the second degree, and she appeals. Reversed and remanded.

The following charges were refused to the defendant:

(8) "If the evidence of the state consists in the statement of witnesses of the truth of which the jury have a reasonable doubt, they cannot convict on such evidence, although they may not believe the testimony of the defendants' witnesses."

(20) "You are not authorized to find a verdict of guilty on the testimony of a single witness, if you have a reasonable doubt of the truth of his statements."

(21) "If you find from the evidence beyond a reasonable doubt that the defendants did not intentionally kill the deceased, or that they used the same care to keep from killing the deceased as an ordinarily prudent and careful man under the same circumstances would have used, then it is your duty to acquit them."

(23) "Before you can convict the defendants, you must find from the evidence beyond a reasonable doubt that they intentionally killed the deceased, or failed to use that care to keep from killing the deceased that an ordinarily careful and prudent person would have used under the same circumstances as deceased was killed, and which failure to use such care evidenced an indifference to consequences which equaled a criminal intent on the part of defendants to kill the deceased."

(24) "Unless you can find from the evidence beyond a reasonable doubt that the defendants intentionally killed the deceased, or that they were guilty of gross negligence in killing the deceased, then it is your duty to acquit them."

(25) "Before you can find the defendants guilty, you must believe from the evidence beyond a reasonable doubt that they were either guilty of intentionally killing the deceased, or of gross negligence in killing the deceased, or such negligence that constitutes a departure from what would be the conduct of an ordinarily careful and prudent man under the same circumstances as deceased was killed, and which gross negligence evidenced an indifference to the consequences, which took the place of criminal intent on the part of the defendants."

(26) Same as 25.

(27) "If you find from the evidence that the defendants did not intentionally kill the deceased, beyond a reasonable doubt, or were not guilty of gross negligence in killing the deceased, and that the death of deceased was an accident, then it is your duty to acquit them."

W. E. James and A. A. Griffith, both of Cullman, for appellant.

The judgment is not predicated upon a verdict of guilt, and therefore is of no effect. 16 Ala. App. 477, 79 South. 151; 10 Ala. App. 239, 65 South. 307; 16 Ala. App. 68, 75 South. 274. It is the province of the jury to find the facts, and the court was in error in stressing the point that they could do so, if they disregarded the law and the evidence. 179 Ala. 63, 60 South. 392, Ann. Cas. 1915C, 691, 3 Comyn, 556. The Automobile Act had no bearing on the case at all. 200 Ala. 56, 75 South. 314.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] It is first insisted by appellant that the judgment rendered by the court is either void or voidable; the same not being based on the verdict of a jury. Upon reference to the judgment entry we find the following as a part thereof:

"Thereupon came a jury of good and lawful men, to wit, Ed Kretzschmer and 11 others, who, being impaneled and sworn according to law, upon their oaths do say, We, the jury, find the defendant Parrish Gray not guilty. It is therefore considered and adjudged by the court that he is not guilty. It is therefore ordered by the court that he be and is hereby discharged. We, the jury, further find the defendant

Lina Estes guilty, and assess her fine at $1, and imprisonment in the county jail for one hour. It is therefore considered and adjudged by the court that the defendant Lina Estes is guilty as charged, and it is further ordered and adjudged by the court that the defendant Lina Estes be imprisoned in the county jail of Cullman county, Ala., for one hour as additional punishment for said offense."

Then follows a confession of judgment for the fine and costs, and a judgment against the defendant and her sureties for the fine and costs. It would be hard to conceive of a more "jumbled" judgment than appears in the record in this case; but, in line with the liberal construction obtaining in this state, we are constrained to hold that the judgment as it appears is sufficient. It is easy to ascertain what part of the minute entry relates to the verdict of the jury and the part relating to the judgment of the court. When so considered, we have a verdict of a jury ascertaining guilt, and a judgment of the court following the verdict. That the word "additional" appears before the word "punishment" is of no moment, being surplusage. There is nothing in the case of Jones et al. v. State, 16 Ala. App. 477, 79 South. 151, contrary to the above view.

[3] It is not necessary, in cases of misdemeanor, for the court to ask the defendant, before sentence, "if he has anything to say why sentence of the law should not now be pronounced." Crawford v. State, 16 Ala. App. 68, 75 South. 274.

[4] It is the law that courts, without being requested to do so in writing by one of the parties, may not charge upon the effect of the evidence. Code 1907, § 5362. But in this case we have carefully read the charge of the court, as it appears in the record, and do not find that the trial judge violated this rule in delivering his charge to the jury. When the excerpts from the court's oral charge, to which exceptions were taken, are considered in connection with the entire charge as given, they assert correct propositions of law and are free from error.

[5] It was perfectly proper for the court to read to the jury section 21, p. 642, of the Acts of 1911, defining the law and fixing the rule as to recklessness in driving automobiles along the highways of the state, and to explain its meaning to the jury. That the act contained a clause to the effect that driving an automobile at a greater rate of speed than 30 miles an hour, when there was no evidence of such speed in this case, did not constitute error, where, as was done in this case, the judge used this expression in the statute to illustrate and explain what was a reckless driving of the automobile, and did not instruct the jury that they were authorized to find from the evidence that the automobile was driven at that speed.

[6] Suggestion is made in brief of counsel for appellant that the extremely small punishment inflicted by the jury is evidence of the fact that the jury was "overawed" into a conviction by the charge and attitude of the court. This we cannot know. A more apparent reason might appear to be that, being convinced beyond a reasonable doubt of the guilt of defendant, and being impressed by the distress of a young, though careless, girl, the jury called to their aid the divine attribute in exercising the discretion given them by the law, and tempered "justice with mercy."

In view of the severe criticism of the judge's charge by appellant's counsel in his brief, we feel constrained to say the charge itself furnishes no evidence of bias or prejudice, or a desire or intimation that a verdict should be rendered, other than in accordance with the evidence as applied to the law of the case. Charges as set out in the bill of exceptions, from which they are considered, are not numbered, but for convenience the court has supplied this omission.

[7] Charge 8 predicates the finding of the jury on the entire evidence, and should have been given. Mills v. State, 1 Ala. App. 76, third headnote, 55 South. 331; Segars v. State, 86 Ala. 59, 5 South. 558.

[8] Charge 18 is the affirmative charge, and, there being evidence to support the verdict was properly refused.

[9] Charge 20 is misleading.

[10, 11] Manslaughter in the second degree may be committed by the doing of an unlawful act, or the doing of a lawful act in an unlawful manner, although at the time the defendant did not actually know that the act would result in a homicide, and this notwithstanding, after the act was done, or while in progress, the defendant used ordinary care to prevent the taking of human life; nor is is the intention to take life necessary in a prosecution for this crime. Johnson v. State, 94 Ala. 35, 10 South. 667. Hence charges 21, 23, 24, 25, 26, and 27 were properly refused.

The other charges were either properly refused or covered in the court's oral charge.

Our attention is not directed specifically to any rulings of the court on the evidence; but we have examined all of them, and find no prejudicial error in any of the rulings.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.