## KILGORE v. STATE. (5 Div. 421.) ,

(Court of Appeals of Alabama. April 3, 1923.)

**1. Criminal law ⚖=651(2)—Evidence should not be taken at view outside courtroom.**

In a prosecution for larceny of an automobile, where the jury were taken from the court room to view the car, and while there testimony of the owner was taken which related to the owner's identification marks, the failure to exclude such evidence as taken outside of the courtroom, withdraw the case from the jury, and declare a mistrial was reversible error.

**2. Courts ⚖=74—Courthouse only proper place for criminal trials.**

The proper place for holding court for trial of criminal cases is the courthouse of the county.

**3. Criminal law ⚖=651(1)—Alabama has no statute authorizing view by jury.**

Alabama has no statute providing for a view by a jury impaneled to try criminal cases.

**4. Criminal law ⚖=651(1)—Viewing by, jury in criminal case is of doubtful propriety.**

Viewing by the jury in a criminal case, in the absence of statutory authority, is of doubtful propriety, but, if it is indispensable to the ends of justice, and in furtherance thereof is ordered by the court, it should be a view pure and simple, and no examination of witnesses should be had outside the courtroom.

**5. Criminal law ⚖=1054(1)—Exceptions must be reserved to invoke consideration on appeal.**

To invoke consideration on appeal of rulings of the trial court on the admission of testimony, it is necessary as a condition precedent that exceptions be reserved thereto.

**6. Criminal law ⚖=789(4)—Instruction on reasonable doubt should have been given.**

In a criminal prosecution, an instruction that, if the state's evidence consisted in statements of witnesses, the truth of which the jury have reasonable doubt, not to convict of on such evidence, although the testimony of defendant's witnesses cannot be believed, should have been given.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

George Kilgore was convicted of grand larceny, and he appeals. Reversed and remanded.

Charge 18, refused to the defendant, reads:

"18. I charge you, gentlemen of the jury, if the evidence of the state consists in the statements of witnesses, the truth of which the jury have reasonable doubt, you cannot convict on such evidence, although you may not believe the testimony of the defendant's witnesses."

Reynolds & Reynolds, of Clanton, for appellant.

Parties and witnesses should not be permitted to talk to jurors while viewing premises. 206 Ala. 629, 91 South. 446. One who takes property with the authority of another, under the honest, though mistaken, belief that such person is the owner, 'is not guilty of larceny. 25 Cyc. 38, 49; 41 Or. 366, 70 Pac. 396; 18 Tex. App. 275; 23 Tex. App. 643, 5, S. W. 164; 31 S. W. 644; 37 Tex. Cr. R. 515, 40 S. W. 405; 94 Tex. 155, 58 S. W. 999, 52 L. R. A. 293, 86 Am. St. Rep. 835; 70 S. W. 750; 108 La. 699, 32 South. 957; 47 Iowa, 684;. 42 L. R. A. (N. S.) 554; 35 Ala. 448.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. The defendant was convicted of grand larceny; the property alleged to have been stolen was one Buick automobile of the value of $1,500, and the indictment contained the averment that it was the personal property of Ruth Gowan.

On the trial the state introduced testimony which tended to show that on the afternoon before the car was taken from the garage that night Dr. J. E. Gowan, husband of Ruth Gowan, put the car in the garage and locked it by means of the switch lock and also the transmission lock; and about 18 days after the car disappeared it was found in the possession of the defendant in the city of Americus, Ga.

The defendant testified as a witness in his own behalf, and admitted possession of the car in Americus, Ga., and also that he, with the assistance of another, one Oscar Giles, took the car from the garage on the night alleged, and hid it in the woods some eight miles away, and afterwards drove the car to Americus, Ga., where the car was found, and the defendant apprehended and arrested by the sheriff of that county. Defendant, however, insisted, and so testified, that the car was taken by him by and with the consent and at the request of Dr. J. E. Gowan, husband of the alleged injured party, under the following circumstances: That Dr. Gowan called him into his office and stated, to him that he had had some trouble with the insurance company in which his car was insured in regard to the insurance company paying for some tires which had disappeared from his car some few days previous, and stated that he wanted the whole amount of the insurance, and proposed to the defendant that, if he would take the car and keep it in hiding for two weeks, to give him time to collect the insurance, he (defendant) could take the car and do as he pleased with it; that after the car was kept in hiding two weeks, as agreed, Dr. Gowan brought the keys to the office and gave them to defendant, and told him he was ready for defendant to take the car off; that it was agreed that defendant should change the characteristics of said automobile as much as possible, and

should any one question the defendant's title Gowan would not own the car.

It was also shown without dispute that Dr. Gowan used the car regularly, and that his initials, "J. E. G.," were placed on the left side of the car.

During the trial of. this case the solicitor, representing the state, stated: "We wish to introduce the car." Whereupon the defendant objected to the jury being carried from the courtroom to view the car, and objected to all proceedings had while the jury was out of the courtroom, and to the taking of the testimony of Ruth Gowan at a point on the street in the town of Clanton, near the courthouse. The court overruled the objection, and defendant excepted. The record shows:

That "thereupon, the court, the jury, the solicitor and the attorneys for the defendant and the defendant, the court officials, and a great number of spectators left the courtroom and proceeded to a point in the rear of the courthouse on the street in the town of Clanton where the car in question was parked, and thereupon the witness Ruth Gowan, continuing, testified as follows: I said that there was certain chalk marks on the top of the car. That is the chalk mark I described. I do not know whether it was on there when we got the car or not, but I saw it on there the Sunday it was taken—the same mark that is on there now. Dr. Gowan's initials were on the car right here (indicating), J. E. G. They were on the car before it was stolen. It is the same condition now as it was when I first saw it after it was stolen. There was the motor number, frame number, and license number by which I could identify the car when it was taken. I have seen the numbers before the car was taken; I know they were not erased; I know they were there. I ran into a wheelbarrow right there (indicating) a day or two before it was taken. The lock here locks the switch—you can't turn the switch to start the engine when that is locked—and when this (indicating) is locked you can't shift the gear. When the switch is locked you can't operate the car; double lock. The keys were hung up in my house that night; both of the keys; yes, sir. The last time I saw the car it was in the possession of Dr. Gowan. I saw him put it in the garage; the garage had an inside catch. Dr. Gowan drove the car at his will—never ask me anything about it. There was only one transmission key, but I believe there were two to the other. They were both on the ring in the house that night. Dr. Gowan drove the car at his will; never asked me about it; drove it the same as I did. The chalk mark place was right there, 186."

[1, 2] The defendant moved the court to exclude all the evidence of Ruth Gowan which was taken outside of the courtroom and on the streets in Clanton, and also moved the court to withdraw the case from the jury on the same grounds, and declare a mistrial of this cause. The court overruled each of these motions, and the defendant duly excepted. In these rulings the court committed error necessitating a reversal of this case. 'The effect of these rulings of the court was practically to remove the trial of this defendant, or a portion thereof, from the only authorized place where he could be tried (the courthouse, of the county in which the offense is alleged to have been committed) to the streets of Clanton. The proper place for the holding of court and the trial of criminal cases is the courthouse of the county, and not elsewhere; and in the absence of express legislative authority, it should not be removed to any other place. Hayward v. Knapp, 22 Minn. 5.

[3] In a number of the states statutes have been enacted providing that the court may order a view by a jury impaneled to try a criminal case. Alabama has no such statute. But, even in states where there is a statute providing for a view of the premises, etc., and the manner of making the view is set out, none of them, so far as we have been able to ascertain, provide for such a proceeding as disclosed by the record here. To the contrary, all of them which have come to our knowledge provide that no one shall speak to the jury about the matter of their investigation while engaged in the performance of such duties. People v. Bonney, 19 Cal. 426; People v. Green, 53 Cal. 60.

In Underhill, Crim. Ev. (2d Ed.) § 229:

"The court is sometimes permitted by statute to direct the jury trying a criminal case to be taken in a body, in charge of proper officers, to the place where the crime was committed, or where a material fact or transaction occurred, or they may be taken out of court to view some bulky article of personal property, as a wagon, which cannot be brought into the courtroom."

And in section 232, Underhill, supra, it is said:

"In order that a verdict of guilty of a felony shall stand, it is absolutely necessary that the examination of witnesses shall take place only during the actual presence of the accused in the courtroom."

In 12 Cyc. 537:

"It is improper to permit a witness to testify as to the location of objects or as to any other material point in the presence of the jury while taking the view. The same rule applies to a person present with the jury, not sworn as a witness, who explains the locus in quo."

See, also, Manning v. Atlanta, B. & A. Ry. Co., 206 Ala. 629, 91 South. 446; Thompson on Trials (2d Ed.) § 885.

In Manning v. Atlanta, B. & A. Ry. Co., supra, it is said:

"Parties and witnesses should not, on elementary principles of propriety, be permitted to talk to the jury, or any of its members, during the progress of the viewing, any more than at any other time."

[4] We are of the opinion that viewing by the jury in a criminal case, in the absence of express statutory authority, is of very doubtful propriety. But, if such "viewing" is indispensable to the ends of justice, and in furtherance thereof is ordered by the court, it should be a view pure and simple, and no examination of witnesses should be had outside of the courtroom. In our investigation of this question we have found no case in which the examination of witnesses have been permitted before the jury while away from the courthouse, engaged in taking a view.

[5] There were several objections interposed by defendant to questions propounded by the solicitor to different witnesses, but no exception reserved to the action of the court in overruling these objections. In order to invoke a consideration by this court of the rulings of the trial court upon the admission of testimony it is necessary as a condition precedent that an exception be reserved to such rulings. We find no other ruling of the court upon the testimony in this case which injuriously affected the substantial rights of the defendant.

[6] Charge 18, refused to defendant, under the following authorities, should have been given: Estes v. State, 18 Ala. App. 606, 93 South. 217; Mills v. State, 1 Ala. App. 76, 55 South. 331; Segars v. State, 86 Ala. 59, 5 South. 558; Washington v. State, 58 Ala. 355. But see McConnell v. Adair, 147 Ala. 599, 601, 41 South. 419. The other refused charges appear to have been fairly and substantially covered by the oral charge.

For the errors designated, the judgment of conviction appealed from is reversed, and the cause remanded.

Reversed and remanded.