(101 So. 81)

**McHAN v. STATE.  (6 Div. 473.)**

(Court of Appeals of Alabama. June 30, 1924.)

**1. Criminal law ⬚798(1)—Instruction as to reasonable doubt of single juror held improperly refused.**

Instruction that each juror was entitled to own conception as to what constitutes reasonable doubt, and that conviction could not be had, if, after considering all evidence, single juror had reasonable doubt of defendant's guilt, *held* improperly refused.

**2. Criminal law ⬚561(3)—Requested instruction that evidence of good character may create reasonable doubt improperly denied.**

Requested instruction that evidence of good character may be sufficient to create reasonable doubt *held* improperly denied.

**3. Criminal law ⬚789(17)—Instruction requiring belief of state's witness beyond reasonable doubt before conviction held improperly refused.**

Requested instruction that jury might not convict if they had reasonable doubt of truth of testimony of state's witness, though they did not believe testimony of defendant's witnesses, *held* improperly refused.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Jim McHan was convicted of possessing a still, and appeals. Reversed and remanded.

Charges 2, 3, and 5, refused to defendant, are as follows:

"(2) The court charges the jury that, if the evidence of the state consists in the statements of a witness, or witnesses, of the truth of which the jury have a reasonable doubt, they cannot convict the defendant on such evidence, although they may not believe the testimony of defendant's witnesses.

"(3) The court charges the jury that each and every one of you is entitled to have his own conception of what constitutes a reasonable doubt of the guilt of the defendant; that before you can convict this defendant the evidence must be so strong that it convinces each juror of the defendant's guilt beyond all reasonable doubt, and, if, after a consideration of all the evidence, a single juror has a reasonable doubt of the defendant's guilt, then you cannot find the defendant guilty in this case."

"(5) The court charges the jury that the defendant may offer proof of his good character, and that such proof, taken in connection with all the evidence in the case, may be sufficient to create a reasonable doubt of the guilt of the defendant."

Russell & Johnson, of Oneonta, for appellant.

There was error in refusal of charges requested by defendant. Kilgore v. State, 19 Ala. App. 181, 95 South. 906; Green v. State, 19 Ala. App. 239, 96 South. 651; Doty v. State, 9 Ala. App. 21, 64 South. 170; Taylor v. State, 149 Ala. 32, 42 South. 996.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Charge 2 is substantially the same as charge 18 held good in Kilgore v. State, 19 Ala. App. 181, 95 South. 906. Charge 3 was held good in Green v. State, 19 Ala. App. 239, 96 South. 651. Charge 5 was held good in Taylor v. State, 149 Ala. 32, 42 South. 996.

BRICKEN, P. J. From a judgment of conviction as charged in the second count of the indictment defendant appealed to this court.

Numerous questions are presented on this appeal, but it could serve no good purpose to discuss them in detail, as it does not appear such discussion would be of any benefit to the bench or bar of the state as no new questions are involved, and such as are presented may not arise on a subsequent trial of this case.

It is conceded by the Attorney General, representing the state here, that there is no escape from reversing the judgment of conviction appealed from because of the refusal of the court to give at the request of defendant certain written charges hereinafter referred to.

[1] Charge 3 appears to have been improperly refused. This exact charge was ap-

proved in the case of Green v. State (Ala. App.) 96 South. 651.[1] See, also, Doty v. State, 9 Ala. App. 21, 64 South. 170; Bell v. State, 89 Miss. 810, 42 South. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431.

[2] Refused charge 5 states a correct proposition of law. This charge has many times been approved by the Supreme Court. Taylor v. State, 149 Ala. 32, 42 South. 996; Goldsmith v. State, 105 Ala. 8, 16 South. 933; Miller v. State, 107 Ala. 40, 19 South. 37; Newsom v. State, 107 Ala. 134, 18 South. 206; Bryant v. State, 116 Ala. 446, 23 South. 40. It was error to refuse this charge.

[3] Refused charge 2 should have been given according to the following authorities: Kilgore v. State (Ala. App.) 95 South. 906; [2] Estes v. State, 18 Ala. App. 606, 93 South. 217; Mills v. State, 1 Ala. App. 76, 55 South. 331; Segars v. State, 86 Ala. 59, 5 South. 558; Washington v. State, 58 Ala. 355.

Reversed and remanded.

