(101 So. 287)

**BUFFORD v. STATE. (5 Div. 502.)**

(Court of Appeals of Alabama. Aug. 19, 1924.)

**Criminal law ☞789(17)—Refusal of charge against conviction on doubtful testimony, though defendant's witnesses not believed, held reversible error.**

Refusal of charge that, if state's evidence consists in statements of witnesses, of truth of which jury have reasonable doubt, they cannot convict thereon, though they do not believe defendant's witnesses, *held* reversible error, being based on the entire evidence.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

John H. Bufford was convicted of miscegenation, and he appeals. Reversed and remanded.

Barnes & Walker, of Opelika, for appellant.

Written charge O, requested by defendant, was correct, and should have geen given. Kilgore v. State, 19 Ala. App. 181, 95 South. 906; Estes v. State, 18 Ala. App. 606, 93 South. 217.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The defendant, a white man was convicted of living in adultery or fornication with one Ella Lee Brown, a negro woman. The exceptions reserved to the admission of evidence are without merit.

The case must be reversed for the refusal of the trial court to give charge O, requested in writing by the defendant, which charge reads as follows:

"I charge you, gentlemen of the jury, if the evidence of the state consists in statements of witnesses, the truth of which the jury have reasonable doubt, you cannot convict on such evidence, although you may not believe the testimony of the defendant's witnesses."

This charge predicates the finding of the jury upon the entire evidence, and has been approved by this court and by our Supreme Court. Mills v. State, 1 Ala. App. 76, 55 South. 331; Estes v. State, 18 Ala. App. 606, 93 South. 217; Segars v. State, 86 Ala. 59, 5 South. 558; Washington v. State, 58 Ala. 355; Kilgore v. State (Ala. App.) 95 South. 906;[1] Bones v. State, 117 Ala. 138, 23 South. 138; Griffin v. State, 150 Ala. 53, 43 South. 197.

We do not deem it necessary here to discuss the other errors complained of, as they will probably not arise on another trial. The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

