(104 So. 45)

## GILBERT v. STATE (7 Div. 91.)

(Court of Appeals of Alabama. March 24, 1925. Rehearing Denied April 14, 1925.)

**I. Criminal law ⊜⟿553, 782(10)—Conviction on testimony of single witness not authorized, where jury have reasonable doubt of its truth.**

Jury cannot convict on testimony of single witness, if they have reasonable doubt of its truth, and court should so instruct, where question of guilt depends on his testimony.

**2. Criminal law ⊜⟿789(4)—Refusal of charge on reasonable doubt, predicated on all evidence, held error.**

Charge, that such uncertainty, after fully considering all evidence, that jury cannot say beyond reasonable doubt that defendant is guilty is such doubt as would entitle him to acquittal, *held* erroneously refused.

**3. Criminal law ⊜⟿775(3)—Charge to acquit, if reasonable doubt of defendant's presence near scene of killing, held erroneously refused.**

Charge to acquit, if jury, after considering all evidence, had reasonable doubt as to defendant's presence near scene of killing, *held* erroneously refused, in view of state's insistence that defendant fired fatal shot and defendant's insistence and offered testimony of several unimpeached witnesses that he was elsewhere at time of killing.

**4. Homicide ⊜⟿254—Conviction of second degree murder held not sustained by evidence.**

Evidence *held* insufficient to sustain conviction of second degree murder.

**5. Criminal law ⊜⟿1037(2), 1044, 1055—Improper argument not considered, in absence of motion to exclude, exception to ruling or failure to act, and presentation of matter on motion for new trial.**

Solicitor's argument, directly or indirectly calling jury's attention to defendant's failure to testify, is not available error, in absence of motion to exclude it, request for appropriate instructions or other appeal to court to eradicate its effect, exception to ruling or failure to act, and presentation of matter on motion for new trial.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Parris Gilbert was convicted of murder in the second degree, and he appeals. Reversed and remanded.

The following charges were refused to defendant:

"(3) If the guilt of the defendant depends upon the testimony of the witness Dave Upton, and the jury believe from all the evidence that the evidence of said witness was willfully and maliciously false as to any material part of his said testimony, then the jury may disregard all of the testimony of the said witness Dave Upton, and find the defendant not guilty."

"(5) I charge you that if, after looking at all the evidence in this case and considering it fully,

your minds are left in such a state of uncertainty that you cannot say beyond a reasonable doubt that the defendant is guilty of the offense charged, then this is such a doubt as would entitle the defendant to an acquittal and you should so find."

"(8) If, after considering all the evidence in this case, you have a reasonable doubt as to the presence of the defendant near the scene of the killing, then you should acquit the defendant."

"(11) The court charges the jury that, if the evidence of the state consists in the statements of a witness, or witnesses, of the truth of which the jury have a reasonable doubt, they cannot convict the defendant on such evidence, although they may not believe the testimony of defendant's witnesses."

J. V. Curtis and C. A. Wolfes, both of Ft. Payne, for appellant.

Counsel may not comment on the fact that defendant did not testify as a witness. Code 1923, § 5632; 16 C. J. 901; May v. State, 209 Ala. 72, 95 So. 279. It was error to refuse defendant's requested charges 3 and 5. Mills v. State, 1 Ala. App. 76, 55 So. 331; Saulsberry v. State, 178 Ala. 25, 59 So. 476; Baxley v. State, 18 Ala. App. 277, 90 So. 434. Charge 11 was correct and applicable to this case. Mills v. State, supra; McHan v. State, ante, p. 117, 101 So. 81.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Defendant's requested charges were properly refused. Baxley v. State, 18 Ala. App. 277, 90 So. 434. Where no motion to exclude is made, there is no question for review as to argument of counsel. Thomas v. State, 18 Ala. App. 268, 90 So. 878; Anderson v. State, 209 Ala. 36, 95 So. 171; Lambert v. State, 208 Ala. 42, 93 So. 708; Arnold v. State, 18 Ala. App. 453, 93 So. 83.

BRICKEN, P. J. [1] It cannot be questioned that the conviction of this appellant rested upon the testimony of state witness Dave Upton. In other words, in the absence of this witness' testimony there was nothing in this case to even cast a suspicion upon this defendant as to the commission of the crime charged. There was no evidence whatever of any bad feeling between deceased and defendant. No motive or reason for his having committed the offense was shown; no confession upon the part of defendant; in fact, nothing was shown of an incriminatory nature except the statement of said witness Upton, who merely testified that between sundown and dark on Saturday afternoon, March 22, 1924, he saw this defendant and Bascom Gilbert and Walter Gilbert (the deceased) walking up the road together about 150 or 200 yards from Walter Gilbert's house. Witness said that he (witness) was out of the road in a thick patch of corn. The dead body of Walter Gilbert was discovered the following Monday morning in some wood in

a pasture between a half and three quarters of a mile from the main road.

We pretermit a discussion of the many discrepancies, contradictions, and uncertainties apparent in the testimony of witness Upton, and also the tendency of other evidence flatly in contradiction thereof; namely, the testimony of young Marvin Gilbert, son of the deceased man, as well as that of several other witnesses. But, as stated hereinabove, there can be no controversy that the conviction of this defendant rested solely upon the testimony of said state witness Dave Upton, and that in the absence of his testimony the duty would have rested upon the court to direct a verdict in favor of defendant, and to order his discharge. This being true, refused charge 3 was in point and should have been given, for the jury are not authorized to find the defendant guilty on the evidence of a witness, upon whose testimony the question of guilt depends, if they have a reasonable doubt of the truth of his statements.

For like reason, it was error to refuse charge 11 requested by defendant. Mills v. State, 1 Ala. App. 76, 55 So. 331; Estes v. State, 18 Ala. App. 606, 93 So. 217; Segars v. State, 86 Ala. 59, 5 So. 558; Kilgore v. State, 19 Ala. App. 181, 95 So. 906; McHan v. State, ante, p. 117, 101 So. 81.

[2] Refused charge 5, being predicated upon the consideration of all the evidence, should have been given. Elmore v. State, 92 Ala. 51, 9 So. 600.

[3] We see no reason why refused charge 8 should not have been given. This charge was not abstract under the evidence in this case; to the contrary, it relates to the vital issue involved upon this trial. In the oral charge the court stated:

"In this case the state's insistence is that Parrish Gilbert, the defendant you are trying, and Bascomb Gilbert, his codefendant, one or the other fired the fatal shot that is said to have taken the life of Walter Gilbert. The state's insistence is that this one that is on trial fired the shot, and therefore he is guilty, etc."

Charge 8 referred to is predicated upon a consideration of all the evidence, and certainly, if after the jury has considered all the evidence in the case they still have a reasonable doubt in their minds as to the presence of the defendant near the scene of the killing, the defendant should be given the benefit of such doubt, and an acquittal of the defendant should have followed. The charge is pertinent also in that the defendant insisted that he was not present, and offered testimony of several unimpeached witnesses of an alibi, in other words, that he was elsewhere at the time the life of Walter Gilbert was taken.

[4] We are not prepared to hold that the defendant was entitled to the instructions contained in refused charges 12 and 13, each

of which was the affirmative charge. But, after a careful reading and consideration of all the evidence, it is manifest that the proof in this case falls far short of the convincing satisfying evidence necessary to overcome the presumption of innocence which under the law attended this accused. The offense charged was a grievous one, and certainly resort to suspicion, speculation, or conjecture should not be indulged in order to foist the crime upon this defendant.

[5] We cannot approve of the argument of the solicitor complained of by appellant, for it was in violation of the statute which prohibits counsel to comment directly or indirectly upon the fact that the defendant did not make the request to testify in his own behalf; and the objectionable argument appears to have been an adroit manner of calling to the attention of the jury the fact that the defendant did not testify in his own behalf as a witness. We cannot predicate error in this connection, however, for the reason no motion was made to exclude the objectionable argument from the jury, nor was this matter urged or presented on the motion for a new trial. Appellate courts cannot revise judgments on account of improper statements of counsel in argument, as we review only the action and rulings of nisi prius courts. In order to bring questions growing out of improper arguments of counsel properly before the appellate court for revision, the trial court must first be appealed to, to remedy the wrong by eradicating any effect the improper argument may have had from the minds of the jury, through appropriate instructions given them at the time, and by other means necessary to accomplish this purpose; and, if the court fails to act, or acts erroneously, an exception must be reserved to the act or omission of the court, and thus the question will be brought before us for revision. A mere exception as to what the solicitor said is not sufficient; the exception must be reserved to what the court did or failed to do.

For the errors indicated, the judgment of conviction appealed from is reversed and the cause remanded.

Reversed and remanded.