(117 So. 400)
## LOVE v. STATE. (6 Div. 136.)

Supreme Court of Alabama. May 10, 1928.

Rehearing Denied June 28, 1928.

James J. Ray and J. M. Pennington, both of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

THOMAS, J. There is an expression in Washington v. State, 58 Ala. 355, urged by petitioner, to this effect, that if the guilt of the defendant "depended upon the testimony of this witness," or, to this effect, "a reasonable doubt in the minds of the jury of the truth of this witness' testimony," said to be contrary to later decisions of this court, to which we will advert.

In Segars v. State, 86 Ala. 59, 5 So. 558, the court said:

"In a criminal case, a prima facie case of guilt does not generally rebut the presumption of innocence, or shift the burden of proof. Until the state proves, in the first instance, beyond a reasonable doubt, the facts which constitute the offense, the accused is not required to establish his innocence by exculpatory evidence. The jury are not authorized to find the defendant guilty on the evidence of a single witness, upon whose testimony the question of guilt depends, if they have a reasonable doubt of the truth of his statements. Washington v. State, 58 Ala. 355."

The one witness for the state "was impeached by proof of contradictory statements."

In the case of Seibold v. Rogers, 110 Ala. 445, 18 So. 312, a civil case, where the question was presented by the requested charge, "If the jury do not believe the evidence, they will find for the defendant," it was declared that the charge should have been given, since the burden was upon the plaintiff to make out his case, if the evidence offered to that end be not believed by the jury, there was a failure on plaintiff's part entitling the defendant to a verdict. This case was again considered in Koch v. State, 115 Ala. 99, 100, 22 So. 471, and the decision was:

"In a criminal case, where the evidence for the state and the defendant is in conflict, a charge which instructs the jury that 'if the jury do not believe the evidence, they will find the defendant not guilty,' is properly refused. (Seibold v. Rogers, 110 Ala. 445 [18 So. 312], asserting the contrary proposition, overruled.) "

This latter ruling was followed in Sanford v. State, 143 Ala. 78, 85, 39 So. 370, and Hampton v. State, 133 Ala. 180, 32 So. 230.

In the later case of McConnell v. Adair, 147 Ala. 599, 602, 41 So. 419, the charge was given: "If the jury do not believe the evidence in this case, they must find for the defendant." This court again referred to the foregoing authorities, Segars v. State; Koch v. State; Seibold v. Rogers, and declared that the charge was improperly given owing to the peculiar condition of the evidence as being confusing and misleading, the conflict

in evidence being only as to whether defendant was entitled to compensation on account of the interruption of his business. The court said:

"A charge like this would be meaningless in this case, as it would require the jury to find for the defendant only in case they disbelieved all the evidence, upon which both parties agreed, about the renting. If it was intended to be limited to that evidence in which there was a conflict, then the entire defense would be swept away, leaving the rent contract alone and entitling the plaintiff to a verdict. It was error, then, to give such a charge in this case, and there are few cases in which it is proper at all."

In Boozer v. Jones, 169 Ala. 481, 53 So. 1018, the ruling was upon a charge predicated on failure of belief of the evidence offered by plaintiff. In Sherrill v. Merchants' & Mechanics' T. & S. Bank, 195 Ala. 175, 179, 70 So. 723, 725, the question was the affirmative charge, and it was said:

"Under the authority of Koch's Case, 115 Ala. 99, 105, 22 So. 471, and Boozer v. Jones, 169 Ala. 481, 485, 53 So. 1018," the trial court "improperly gave at the defendant's request a charge concluding *in favor of the defendant if the jury did not believe the evidence*."

Decisions of the Court of Appeals, coming to our attention, are McHan v. State, 20 Ala. App. 117, 101 So. 81; Bufford v. State, 20 Ala. App. 197, 101 So. 287; Rivers v. State, 20 Ala. App. 500, 103 So. 307; Gilbert v. State, 20 Ala. App. 565, 104 So. 45; Dunn v. State, 19 Ala. App. 576, 99 So. 154; Baxley v. State, 18 Ala. App. 277, 279, 90 So. 434; Conner v. State, 10 Ala. App. 206, 65 So. 309; Mills v. State, 1 Ala. App. 76, 55 So. 331.

We have again considered the charge in question, and the application, on the ground of the refusal of charge 3, is denied on authority of Koch v. State, 115 Ala. 99, 22 So. 471.

There being no merit in the matters urged in support of the petition for certiorari to the Court of Appeals, the writ is denied.

Writ denied.

All the Justices concur except GARDNER, J., not sitting.