(108 So. 923)

Mathew GIBSON v. STATE. (6 Div. 974.) (Court of Appeals of Alabama. April 27, 1926.) Appeal from Circuit Court, Walker County; Ernest Lacy, Judge. Violating prohibition law.

SAMFORD, J. Appeal dismissed.

---

(110 So. 920)

Odis GIBSON, alias, v. STATE. (6 Div. 8.) (Court of Appeals of Alabama. Dec. 7, 1926.) Appeal from Circuit Court, Jefferson County; John P. McCoy, Judge.

BRICKEN, P. J. Appeal dismissed.

---

(107 So. 925)

Bascomb GILBERT v. STATE. (7 Div. 129.) (Court of Appeals of Alabama. Feb. 9, 1926.) Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge. Bascomb Gilbert was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded. J. V. Curtis and C. A. Wolfes, both of Ft. Payne, for appellant. Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Counsel argue for error, and cite Gilbert v. State, 20 Ala. App. 565, 104 So. 45.

Counsel express doubt as to the sufficiency vel non of the evidence, and refrain from argument thereon.

RICE, J. In the view we take of this case, we may pretermit a discussion of all of the exceptions reserved or rulings made during the conduct of the trial of this appellant, other than the overruling of his motion for a new trial. We have carefully read and considered all the evidence adduced on behalf of both the state and defendant (appellant), and without discussing same in detail we are led to quote and approve as applicable in all respects here the following observations of Bricken, P. J., in the opinion in Gilbert v. State, 104 So. 45, 20 Ala. App. 565, to wit: "It is manifest that the proof in this case. falls far short of the convincing, satisfying evidence necessary to overcome the presumption of innocence which under the law attended this accused. The offense charged was a grievous one, and certainly resort to suspicion, speculation, or conjecture should not be indulged in order to foist the crime upon this defendant." We may remark that the appellant in the Gilbert Case

quoted from was jointly indicted with the appellant here, and, while there are some slight differences in the testimony in the two cases (they being tried separately), yet after a careful study we are convinced that the gross inculpatory effect of the testimony in this case against this appellant is no stronger than was the testimony in the Gilbert Case, supra, against the appellant there. For the error in overruling the motion for a new trial, the judgment is reversed, and the cause remanded. Reversed and remanded.

---

(106 So. 917)

Martin GILES v. STATE. (5 Div. 582.) (Court of Appeals of Alabama. Dec. 15, 1925.) Appeal from Circuit Court, Chilton County; G. F. Smoot, Judge. Percy M. Pitts, of Clanton, for appellant. Harwell G. Davis, Atty. Gen., for the State. Violating prohibition law.

RICE, J. Affirmed.

---

(110 So. 920)

John GILLIS v. STATE. (1 Div. 678.) (Court of Appeals of Alabama. Nov. 16, 1926.) Appeal from Circuit Court, Mobile County; A. E. Gamble, Judge. Robbery.

RICE, J. Affirmed.

---

(107 So. 925)

R. E. GODBOLD v. STATE. (4 Div. 163.) (Court of Appeals of Alabama. April 13. 1926.) Appeal from Circuit Court, Covington County; W. L. Parks, Judge. Grand larceny.

RICE, J. Appeal dismissed.

---

(106 So. 917)

George GODFREY v. STATE. (5 Div. 563.) (Court of Appeals of Alabama. Nov. 24, 1925.) Appeal from Circuit Court, Lee County; N. D. Denson, Judge. Distilling.

SAMFORD, J. Affirmed.

---

(105 So. 924)

Dantzler GOFF v. STATE. (1 Div. 627.) (Court of Appeals of Alabama. Nov. 17, 1925.) Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

BRICKEN, P. J. This appeal is on the record proper. No bill of exceptions has been filed in this case. Appellant, defendant in the court below, was convicted by a general verdict of guilty rendered by the jury, under an indictment which contained two counts. The substance of the charges were distilling prohibited liquors, etc., and the unlawful possession of a still. He was duly sentenced to an indeterminate term of imprisonment at hard labor in the penitentiary, and appeals. There is no error apparent on this record. The judgment of conviction appealed from is affirmed. Affirmed.