165 So. 596

## MOORE v. STATE.

### 8 Div. 836.

Court of Appeals of Alabama.

Feb. 4, 1936.

Peach & Caddell, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach-the Reporter.

SAMFORD, Judge.

The testimony for the state tended to prove that there was a complete whisky still in operation and running whisky, and that defendant was at the still with four other parties. The testimony also tended to prove that defendant was seen to punch the fire in the furnace to the still, and that he had some still slop on his clothes. Defendant denied this, and his testimony tended to prove that he was not at the still and had nothing to do with the manufacture of the whisky found there.

44

In his oral charge, the court instructed the jury as follows: "If the defendant smelled or gauged the liquor, he would be guilty." Exception was reserved to this portion of the court's oral charge.

 The defendant was charged with the manufacture of whisky, and if he intentionally participated in the manufacture either by word or deed, he would be guilty, but the smelling or gauging of the whisky would not necessarily constitute an act aiding or abetting in its manufacture. Such act would be evidence tending to prove defendant's participation in the manufacture, and, as such, would be admissible in evidence, but the conclusion to be reached from such evidence was for the jury and not for the court. The manufacture of an article contemplates a finished product, and until that point has been reached, there is no completed act of manufacture. When, as here, the manufacture is complete, any person intentionally participating in its manufacture would be at common law an accessory before the fact, and under our statute, Code 1923, § 3196, a principal. Nonetheless, he remains an accessory and becomes a principal only by reason of the statute. His connection with the crime depends upon proof of words or deeds aiding or abetting the crime, and proof of this beyond a reasonable doubt is a question for the jury.

 The excerpt is a charge upon the effect of the evidence which may not be done by the court ex mero motu. Code 1923, § 9507; Estes v. State, 18 Ala.App. 606, 93 So. 217.

Other exceptions are without merit; but for the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.